JAMES J. BROSNAHAN (CA SBN 34555)
D. ANTHONY RODRIGUEZ (CA SBN 162587)
GEOFFREY GRABER (CA SBN 211547)
TRodriguez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:   415.268.7000
Facsimile:   415.268.7522

Attorneys for Defendant
DAVID M. RICKEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEON S. SEGEN, derivatively and on behalf of APPLIED MICRO CIRCUITS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DAVID M. RICKEY, WILLIAM M. BENDUSH, and APPLIED MICRO CIRCUITS CORPORATION,<br><br>Defendants. | Case No.   07-2917 MJJ<br><br>**DAVID M. RICKEY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         November 27, 2007<br>Time:         9:30 a.m.<br>Courtroom:  11<br>Judge:        Hon. Martin J. Jenkins<br><br>Action Filed:  June 5, 2007<br>Trial Date:    Not Set |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 27, 2007, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 11 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable Martin J. Jenkins presiding, Defendant David M. Rickey will move the Court for an Order dismissing Plaintiff Leon S. Segen's Verified Complaint with prejudice pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

Mr. Rickey's Motion to Dismiss is made on the grounds that Plaintiff has failed to state a cause of action under Section 16(b) of the Securities Exchange Act of 1934 because (1) Plaintiff's allegations fail to meet Rule 9(b)'s heightened pleading standard; (2) Plaintiff fails to allege facts establishing that the option grants at issue were not approved by Applied Micro Circuit Corporation's Compensation Committee; (3) at least two of the three option grants were held for more than six months, and thus are exempt from Section 16(b) liability; and (4) Plaintiff's claims are time barred under Section 16(b)'s two year statute of limitations and, contrary to Plaintiff's assertion, the doctrine of equitable tolling does not apply.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and Appendix of Authorities in support thereof, the pleadings and other files herein, and such other written and oral arguments as may be presented to the Court.

Dated: August 28, 2007

JAMES J. BROSNAHAN
D. ANTHONY RODRIGUEZ
GEOFFREY GRABER
MORRISON & FOERSTER LLP


By:   /s/ D. Anthony Rodriguez
     D. Anthony Rodriguez

Attorneys for Defendant
DAVID M. RICKEY

**STATEMENT OF ISSUES (CIVIL L.R. 7-4(A)(3))**

1. Do Plaintiff's allegations, which sound in fraud, meet the heightened pleading standard under Rule 9(b), where Plaintiff fails to allege particular facts to support his assertions?

2. Does Plaintiff plead a Section 16(b) claim where the Complaint fails to allege facts stating that AMCC's Compensation Committee did not approve the three option grants to Mr. Rickey that are at issue?

3. Does Plaintiff fail to state a claim for Section 16(b) liability where Mr. Rickey held at least two of the three option grants for more than six months and thus those grants qualify for exemption under the SEC's Rule 16b-3(d)(3)?

4. Is the claim time barred by Section 16(b)'s two year statute of limitations when Plaintiff filed suit more than six years after the alleged transactions?

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ........................................................................................ i

STATEMENT OF ISSUES (CIVIL L.R. 7-4(A)(3)) .................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

INTRODUCTION ......................................................................................................................... 1

PLAINTIFF'S ALLEGATIONS .................................................................................................... 2

ARGUMENT ................................................................................................................................. 2

I.    PLAINTIFF FAILS TO MEET THE HEIGHTENED PLEADING STANDARD UNDER RULE 9(b) THAT APPLIES TO HIS CLAIM ................................................. 2

II.   PLAINTIFF'S CLAIM AGAINST MR. RICKEY FAILS BECAUSE THE OPTION GRANTS TO MR. RICKEY ARE EXEMPT FROM LIABILITY. ................. 3

    A.    Plaintiff Fails to Allege Facts Demonstrating that the Compensation Committee Did Not Approve the Option Grants (Rule 16b-3(d)(1)) ...................... 4

    B.    The Six-Month Hold Exemption Independently Bars Liability on the January 2000 and December 2000 Option Grants (Rule 16b-3(d)(3)) .................... 6

III.  PLAINTIFF'S CLAIM FAILS FOR THE INDEPENDENT REASON THAT IT IS TIME-BARRED. ............................................................................................................ 8

CONCLUSION .............................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Clegg v. Cult Awareness Network*,
   18 F.3d 752 (9th Cir. 1994) ............................................................................................ 4

*Dreiling v. Am. Express Co.*,
   458 F.3d 942 (9th Cir. 2006) ................................................................................... 4, 5, 8

*Healthtrac, Inc. v. Sinclair*,
   302 F. Supp. 2d 1125 (N.D. Cal. 2004) .......................................................................... 8

*Holden v. Hagopian*,
   978 F. 2d 1115 (9th Cir. 1992) ....................................................................................... 3

*In re Daou Sys.*,
   411 F.3d 1006 (9th Cir. 2006) ........................................................................................ 3

*In re Silicon Graphics Sec. Litig.*,
   970 F. Supp. 746 (N.D. Cal. 1997) ................................................................................. 3

*McGlinchy v. Shell Chem. Co.*,
   845 F.2d 802 (9th Cir. 1988) .......................................................................................... 3

*Olagues v. Semel*,
   2007 WL 2188105 (Slip Op.) (N.D. Cal. 2007) ................................................... 4, 6, 8, 9

*Roth v. Reyes*,
   2007 U.S. Dist. LEXIS 14532 (N.D. Cal., Feb. 13, 2007) ..................................... *passim*

*Whitaker v. Whitaker Corp.*,
   639 F.2d 516 (9th Cir. 1981) ....................................................................................... 8, 9

*Wietschner v. Monterey Pasta Co.*,
   294 F. Supp. 2d 1102 (N.D. Cal. 2003) .......................................................................... 3

## STATUTES and RULES

17 C.F.R.
   § 240.16b-3(d) ............................................................................................................. *passim*

61 Fed. Reg.
   30377 ............................................................................................................................. 7
   30380 ............................................................................................................................. 7
   7242 ............................................................................................................................... 7
   7256 ............................................................................................................................... 7

Federal Rules of Civil Procedure
   Rule 9(b) .............................................................................................................. 1, 3, 4, 5
   Rule 12(b)(6) ............................................................................................................ 1, 3, 4

1 | Securities Exchange Act
     § 16(a) .................................................................................................................... 8, 9
2 |   § 16(b) ....................................................................................................................*passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff claims that David M. Rickey, the former CEO of Applied Micro Circuits Corporation, violated Section 16(b) of the Securities Exchange Act of 1934 by acquiring AMCC employee stock options in 2000 and 2001. Plaintiff fails to state a claim, and the Complaint should be dismissed. Indeed, on August 27, 2007, Judge Breyer dismissed, <u>with prejudice</u>, an almost identical Section 16(b) claim brought by Plaintiff's counsel. *See Roth v. Reyes*, No. C 06-02786 CRB (N.D. Cal., Aug. 27, 2007). Other courts have rejected various theories on which Plaintiff's Complaint attempts to rest. Plaintiff offers no reason for this Court to be the first to accept any of these failed theories. As if Plaintiff already did not face a daunting enough challenge, he compounds it by bringing claims that sound in fraud, and thus triggers Rule 9(b)'s heightened pleading requirements. Plaintiff, however, does not even satisfy Rule 12(b)(6).

In summary, the Complaint has three independent defects. First, the SEC's Rule 16b-3(d)(1), the "board approval exemption," states there is no Section 16(b) liability where the transaction at issue was approved by the board of directors or an authorized committee of independent directors. Plaintiff acknowledges that the Compensation Committee, consisting of independent directors, was responsible for approving grants to Mr. Rickey. Plaintiff pleads no facts stating how the Compensation Committee did not in fact approve the grants to Mr. Rickey. All Plaintiff offers is that the grants purportedly were "backdated" and thus were not really approved. As noted above, Judge Breyer rejected a nearly identical Section 16(b) claim, in the process stating that backdating is irrelevant to Section 16(b). *See Roth*, No. C 06-02786 CRB, at 4-6; *see also*, *Roth v. Reyes*, 2007 U.S. Dist. LEXIS 14532, *11 (N.D. Cal., Feb. 13, 2007).

Second, Rule 16b-3(d)(3) precludes Section 16(b) liability where a person holds the acquired securities for at least six months following the date of acquisition. It is undisputed that Mr. Rickey held two of the three option grants for more than six months. Therefore, putting aside the independent bar of the board approval exemption, Plaintiff's 16(b) claim with respect to two of the three option grants fails for this independent reason.

1    Third, Plaintiff's claim is time barred by Section 16(b)'s two-year statute of limitations.
2 The last sales that Plaintiff challenges allegedly occurred in 2001. Plaintiff acknowledges that he
3 has a problem with the statute of limitations, but asserts equitable tolling saves him. Equitable
4 tolling does not apply, because all the transactions at issue were fully disclosed in the Forms 4
5 and 5 that Plaintiff attached to the Complaint.

6    Accordingly, Plaintiff has failed to state a claim against Mr. Rickey.

## PLAINTIFF'S ALLEGATIONS

8    On June 5, 2007, Plaintiff Leon S. Segen, filed this Section 16(b) action against Applied
9 Micro Circuits Corporation ("AMCC"), David M. Rickey, and William M. Bendush. Plaintiff
10 claims he is an owner of AMCC common stock, but he does not specify when he purchased
11 AMCC stock, or how much stock he owns. (Complaint ("Compl.") ¶ 1.) Mr. Rickey is the
12 former Chairman, Chief Executive Officer and President of AMCC. (Compl. ¶ 3.) Mr. Rickey
13 retired from AMCC in March 2005. (Declaration of Geoffrey Graber ("Graber Decl.") ¶ 2, Ex. A
14 [2005 Proxy Statement].)

15    Plaintiff bases his claim against Mr. Rickey on option grants dated January 19, 2000,
16 December 21, 2000, and July 11, 2001. (Compl. ¶ 30) (collectively, the "Option Grants"). All of
17 the Option Grants soon went "under water," and were cancelled on November 27, 2001.
18 (Compl., Ex. A.)

## ARGUMENT

20 **I.  PLAINTIFF FAILS TO MEET THE HEIGHTENED PLEADING STANDARD UNDER RULE 9(b) THAT APPLIES TO HIS CLAIM.**
21
22    Plaintiff asserts that Mr. Rickey received the Option Grants as part of a "backdating
23 scheme." (Compl. ¶¶ 17, 18-22.) Plaintiff alleges that, "the Option Grants were improperly
24 accounted for as though they were granted on dates prior to their actual grant dates with exercise
25 prices equal to the market price on such dates." (Compl. ¶ 15.) According to Plaintiff, "neither
26 the Board nor an authorized committee of the Board considered the specific transactions."
27 (Compl. ¶ 14.) Plaintiff alleges that the Board "plac[ed] the fox in charge of the henhouse."
28 (Compl. ¶ 15.)

DAVID M. RICKEY'S MOTION TO DISMISS
CV07-2917-MJJ
sf-2366980

2

1   Plaintiff's claim sounds in fraud. A complaint satisfies the requirements of Rule 9(b) only
2   if it describes the "time, place and nature . . . and specific acts of fraud." *In re Silicon Graphics*
3   *Sec. Litig.*, 970 F. Supp. 746, 752 (N.D. Cal. 1997). "[I]n all actions alleging fraud, plaintiffs
4   must state with particularity the circumstances constituting fraud." *Wietschner v. Monterey Pasta*
5   *Co.*, 294 F. Supp. 2d 1102, 1110 (N.D. Cal. 2003) (Jenkins, J.); *see also*, *In re Daou Sys.*, 411
6   F.3d 1006, 1027 (9th Cir. 2006); *Roth*, 2007 U.S. Dist. LEXIS 14532, *11 (Where plaintiff's
7   § 16(b) claim sounds in fraud, heightened pleading standard applies). Under Rule 9(b), "the
8   circumstances constituting fraud or mistake shall be stated with particularity." *In re Silicon*
9   *Graphics*, 970 F. Supp. at 752. Courts "will examine whether conclusory allegations follow from
10  the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F. 2d 1115, 1121
11  (9th Cir. 1992); *Roth*, 2007 U.S. Dist. LEXIS 14532, *27, n.2.

12  Plaintiff asserts that fraudulent acts prevent the two SEC-created exemptions discussed
13  below from applying, but fails to allege particular facts showing fraud. Plaintiff's mere assertion
14  of an impermissible delegation of Board authority fails to meet Rule 9(b)'s requirements. *Id*.
15  (plaintiff's Section 16(b) claim failed to meet Rule 9(b) requirements). Indeed, Plaintiff's
16  conclusory allegations fail even to meet the less stringent standard of Rule 12(b)(6). Conclusory
17  allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.
18  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Likewise, courts are not
19  required to accept legal conclusions in the form of factual allegations if those conclusions cannot
20  reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-
21  55 (9th Cir. 1994).

22  As shown below, Plaintiff's conclusory allegations fail to meet the requirements of either
23  Rule 9(b) or Rule 12(b)(6).

24  **II.  PLAINTIFF'S CLAIM AGAINST MR. RICKEY FAILS BECAUSE THE OPTION GRANTS TO MR. RICKEY ARE EXEMPT FROM LIABILITY.**
25  
26  Section 16(b) prohibits "the short-term purchase and subsequent sale — or the sale and
27  subsequent purchase — of stock by certain individuals who are considered insiders under the
28  securities laws." *Roth*, 2007 U.S. Dist. LEXIS 14532, *11 (quoting 15 U.S.C. § 78p(b)). The

1   SEC has promulgated Rule 16b-3, which sets forth several exemptions to Section 16(b) liability.

2   Section 16(b) does <u>not</u> cover any transaction "which the [SEC] by rules and regulations may

3   exempt as not comprehended within the purpose of this subsection."  17 C.F.R. § 78p(b).

4   "When a transaction falls within an exception, there is no Section 16(b) liability."  *Olagues v.*

5   *Semel*, 2007 WL 2188105 *3 (Slip Op.) (N.D. Cal. 2007) (citing *Dreiling v. Am. Express Co.*,

6   458 F.3d 942 (9th Cir. 2006)).  One exemption, known as the "board approval exemption" applies

7   to all three of the Rickey grants.  A second exemption, known as the "six month hold exemption,"

8   applies to two of the three grants.

9           **A.**      **Plaintiff Fails to Allege Facts Demonstrating that the Compensation Committee Did Not Approve the Option Grants (Rule 16b-3(d)(1).)**

10

11         Plaintiff acknowledges that any issuance of securities that is approved by the board of

12   directors or a committee of independent directors is exempt from Section 16(b) liability.

13   (Compl. ¶ 7.)  In particular, the Rule 16b-3(d)(1) "board approval" exemption provides in

14   pertinent part that:

15   > Any transaction . . . involving an acquisition from the issuer
> (including without limitation a grant or award), whether or not
> intended for a compensatory purpose, <u>shall be exempt if</u> . . . [t]he
16   > transaction is approved by the board of directors of the issuer, or a
> committee of the board of directors that is composed solely of two
17   > or more Non-Employee Directors.

18   17 C.F.R. § 240.16b-3(d)(1) (emphasis added).

19         Plaintiff fails to plead facts stating that AMCC's Compensation Committee did not

20   approve the Option Grants at issue.  Plaintiff instead contends that even if the Compensation

21   Committee approved the grants at issue, the Rule 16b-3(d)(1) exemption is not available because

22   the Compensation Committee could not have approved the purportedly "backdated" grants "in

23   advance."  (Compl. ¶¶ 11, 14, 15.)  This contention cannot support a valid claim, for the

24   following reasons.

25         The first reason Plaintiff's theory fails is it would require this Court to add the words "in

26   advance" to the "board approval" exemption stated in Rule 16b-3(d)(1).  Rule 16b-3(d)(1) states

27   that a transaction is exempt from Rule 16(b) if it "is approved by the board of directors of the

28   issuer, or a committee of the board of directors that is composed solely of two or more Non-

1  Employee Directors." 17 C.F.R. § 240.16b-3(d)(1). The rule never says "in advance" or
2  anything similar. Just this year, in *Roth v. Reyes*, Judge Breyer rejected a similar attempt by the
3  same counsel that represents Plaintiff here to add language to the 16b-3(d)(1) exemption, calling
4  the maneuver "unsupported by the text of Section 16(b) or applicable SEC rules." *Roth v. Reyes*,
5  2007 U.S. Dist. LEXIS 14532, *11. Plaintiff gives this Court no reason to rule differently.

6  Second, if Plaintiff contends that the board approval exemption applies only if the
7  Compensation Committee approved the grants before Mr. Rickey received them, the contention
8  fails for lack of factual allegations that this approval was not given. The purpose of the board
9  approval requirement is to "remove the timing of the acquisition from the control of any one
10 insider." *Dreiling v. Am. Express Co.*, 458 F.3d at 942, 950 (9th Cir. 2006). Plaintiff alleges no
11 facts that Mr. Rickey awarded himself grants or controlled the timing of his grants, much less that
12 he received grants before the Compensation Committee approved them. Nor does Plaintiff allege
13 any facts contradicting the Company's statement that the Compensation Committee approved the
14 Option Grants. (Declaration of Dale Bish in support of AMCC's Motion to Dismiss, Ex A [Form
15 10-K].)

16 In short, Plaintiff alleges no facts — let alone with the particularity that Rule 9(b)
17 requires — stating that Mr. Rickey received grants before the Compensation Committee had
18 approved the grants. Instead, Plaintiff alleges rhetoric rather than facts, such as his reference to
19 the Board "placing the fox in charge of the henhouse." (Compl. ¶ 14.) It is unknown who the fox
20 is in Plaintiff's tale, but even if one assumes the allegation is a critique of directors' not filling out
21 post-approval paperwork the point is that Plaintiff fails to plead facts stating that Compensation
22 Committee did not approve any of Mr. Rickey's three grants. *See Roth*, 2007 U.S. Dist. LEXIS
23 14532, *25 ("[a] failure to exercise oversight is not the same thing as a failure to approve").

24 Third, at certain points in his Complaint, Plaintiff appears to contend that Rule
25 16b-3(d)(1) required approval of the Option Grants in advance of the dates that were used to
26 account for the grants. (Compl. ¶ 15.) In other words, Compensation Committee approval
27 purportedly was defective because the Option Grants were allegedly "backdated." Judge Breyer
28 previously rejected a similar argument by Plaintiff's counsel, stating: "Simply put, backdating is

DAVID M. RICKEY'S MOTION TO DISMISS
CV07-2917-MJJ                                                                                                5
sf-2366980

irrelevant to Section 16(b)." *Roth*, 2007 U.S. Dist. LEXIS 14532, at *13.  Again, Plaintiff offers no reason why this Court should rule differently.

In sum, Plaintiff fails to allege facts showing that AMCC's Compensation Committee did not approve the three grants to Mr. Rickey that are listed in the Complaint.  Plaintiff's claim against Mr. Rickey should be dismissed for this independent reason.

### B. The Six-Month Hold Exemption Independently Bars Liability on the January 2000 and December 2000 Option Grants (Rule 16b-3(d)(3)).

Plaintiff cannot bring a Section 16(b) claim against Mr. Rickey based on the January 19, 2000 and December 21, 2000 option grants for the separate and independent reason that Mr. Rickey held these options for more than six months.  Rule 16b-3(d)(3) exempts an acquisition from the issuer if:

> The issuer equity securities so acquired are held by the officer or director for a period of six months following the date of such acquisition, provided that this condition shall be satisfied with respect to a derivative security if at least six months elapse from the date of the acquisition of the derivative securities to the date of disposition of the derivative security (other than upon the exercise or conversion) or its underlying security.

17 C.F.R. § 240.16b-3(d)(3).

As this Court has stated, "[u]nder this Rule, an acquisition of a derivative security (such as an [employee stock option]) by an insider will be exempt from Section 16(b) liability so long as at least six months elapses between the acquisition and disposition of the shares acquired upon exercise of the derivative security." *Olagues*, 2007 WL 2188105 *3 (citing 2-8 Federal Securities Exchange Act of 1934 § 8.06 (Matthew Bender 2006)).

The Forms 4 and 5 that Plaintiff attached to his Complaint state on their face that Mr. Rickey held the January 19, 2000 and December 21, 2000 option grants for more than six months.  The options granted on January 19, 2000, and the options granted on December 21, 2000, were all cancelled on November 27, 2001 — more than six months after Mr. Rickey acquired the options.  These two option grants are within the Rule 16b-3(d)(3) exemption.

Plaintiff does not dispute that these option grants were held longer than six months.  Instead, Plaintiff contends that the six month hold exemption does not apply because, "the

condition precedent to the application of this provision [Rule 16b-3(d)(3)] is that the Board knowingly authorize the options grants." (Compl. ¶ 16.)  In other words, Plaintiff attempts to create a hybrid of the board approval exemption and the six month exemption, but no such creature exists.  Plaintiff may not re-write the SEC's rules and gives this Court no grounds for doing so.

The plain language of Rule 16b-3(d) makes clear that each of its subsections provides <u>alternative</u> grounds for exemption.  The Rule is written in the disjunctive.  17 C.F.R. §§ 240.16b-3(d)(1)-(3); *Roth*, No. C 06-02786 CRB ("there is no short-swing liability for a stock option grant if it meets <u>one of three</u> conditions.") (emphasis added).  This Court dismissed a Section 16(b) claim *solely* on the basis of the six month hold exemption, without addressing the separate, board approval exemption: "the Rule 16b-3(d)(3) exemption applies to the transaction at issue and disposes of Plaintiff's FAC.  Therefore, the Court does not address the Rule 16b-3(d)(1) exemption." *Olagues*, 2007 WL 2188105, at *2, n.3.  This Court's decision in *Olagues* confirms that board approval is not required for the six month hold exemption to apply.

Moreover, the SEC has made clear that the six month hold exemption does not require board or shareholder approval.  The <u>predecessor</u> to Rule 16b-3(d) required that disinterested directors approve the option grant <u>and</u> that the insider hold the options or underlying security for more than six months.  Ownership Reports and Trading by Officers, Directors, and Principal Security Holders, 56 Fed. Reg. 7242, 7256 (Proposed Feb. 21, 1991).  Subsequently, the SEC revised Rule 16b-3(d) "to provide a broader exemption from short-swing profit recovery for transactions between an issuer and its directors or officers" by creating alternative exemptions.  Ownership Reports and Trading by Officers, Directors, and Principal Security Holders, 56 Fed. Reg. 30377 (Final Rule Release June 14, 1996) ("1996 Adopting Release").  The SEC eliminated the six month holding period as a general condition for the exemption; instead it established the six month holding period as an independent, alternative basis for exempting a grant or award.  "Alternatively, an acquisition that does not satisfy any of the approval conditions will be exempt if the securities acquired are held by the insider for six months following the date of

acquisition . . . ." 1996 Adopting Release, 61 Fed. Reg. at 30380. The SEC left no doubt as to the effect of this amendment:

> Commenters who addressed this segment of the 1995 proposal favorably noted both its simplicity and flexibility. The Commission is persuaded that satisfaction of any of the three conditions is a sufficient basis to exempt an acquisition of issuer equity securities from the issuer.

*Id*. (emphasis added). Plaintiff completely ignores — and contradicts — the SEC's declarations of the terms and effect of Rule 16b-3(d).

Finally, in a last-ditch maneuver, Plaintiff contends that Mr. Rickey's January 2000 and December 2000 option grants are not exempt from Section 16(b) liability, even if they were held for more than six months, because Rule 16b-3(d)(3) is "beyond the scope of the SEC's authority." (Compl. ¶¶ 23-25.) Just last year, the Ninth Circuit rejected a similar challenge to the SEC authority to promulgate Rule 16b-3(d): "we hold that Rule 16b-3(d) is not arbitrary, capricious, or contrary to § 16(b), and is a valid exercise of SEC authority under § 16(b)." *Dreiling*, 458 F.3d at 952. Likewise, this Court rejected a similar argument out of hand in *Olagues*, following *Dreiling*. *See Olagues*, 2007 WL 2188105, at *3, n.4. Plaintiff's lack of authority argument fails yet again.[1]

### III. PLAINTIFF'S CLAIM FAILS FOR THE INDEPENDENT REASON THAT IT IS TIME-BARRED.

Plaintiff's Section 16(b) claim fails for the independent reason that it is time barred. "Section 16(b) provides that no suit under the section 'shall be brought more than two years after the date such profit was realized.'" *Whitaker v. Whitaker Corp.*, 639 F.2d 516, 527 (9th Cir. 1981); *Healthtrac, Inc. v. Sinclair*, 302 F. Supp. 2d 1125, 1127 (N.D. Cal. 2004). Plaintiff filed his action more than six years after the alleged transactions. Plaintiff tacitly admits that he has a statute of limitations problem, but asserts that the doctrine of equitable tolling saves his claim

---

[1] Nor is there any support for Plaintiff's assertion that the Rule 16b-3(d)(3) exemption does not apply because the Option Grants were allegedly "backdated." The SEC has repeatedly explained that § 16(b) is designed to prevent the improper use of inside information. As noted above, Judge Breyer relied on this guidance to rightly conclude that "backdating is irrelevant to Section 16(b)." *Roth*, 2007 U.S. Dist. LEXIS 14532, at *13; *see also*, *Roth*, No. C 06-02786 CRB (dismissing action with prejudice).

1  because Mr. Rickey allegedly failed to make a "proper filing" with the SEC regarding the Option

2  Grants. The Complaint cites *Whitaker v. Whitaker Corp.*, 639 F.2d 516, for this proposition.

3  (Compl. ¶ 26.) Plaintiff's invocation of equitable tolling is meritless.

4        The Ninth Circuit held, in the very case cited by Plaintiff, that Section 16(b) only requires

5  disclosure of the transactions at issue, i.e., the dates of the purchases and sales. *Whitaker*, 639

6  F.2d at 530. In *Whitaker*, the Ninth Circuit held that a Section 16(b) claim was tolled if the

7  insider <u>failed to file</u> his Section 16(a) reports. Here, Mr. Rickey filed the required Section 16(a)

8  reports. Indeed, Plaintiff cited these disclosures and attached them to his Complaint.

9        Plaintiff apparently contends that the failure to "properly disclose[]" the Option Grants in

10  Form 4 filings is the same as failing to file them at all. This contention, however, conflicts with

11  the Ninth Circuit's reasoning in *Whitaker*, where the court found that a failure to file a Section

12  16(a) report provided a bright line rule because it could be "mechanically calculated from

13  objective facts. The dates on which purchases and sales are made are such facts, as are the dates

14  on which § 16(a) reports are filed with the SEC." *Id*. at 529. The two year limitation period and

15  *Whitaker's* bright line rule would be meaningless if a plaintiff could challenge sales six years later

16  by asserting in conclusory fashion that transactions were not "properly disclosed." (Compl. ¶ 26.)

17        Accordingly, Plaintiff's claim fails for the independent reason that it is time barred.

## CONCLUSION

19  For the foregoing reasons, Mr. Rickey respectfully requests that the Court dismiss

20  Plaintiff's Complaint against him.

21  Dated: August 28, 2007                MORRISON & FOERSTER LLP

23                                            By:    /s/ D. Anthony Rodriguez

24                                                    D. Anthony Rodriguez

25                                                    Attorneys for Defendant
                                                  DAVID M. RICKEY