CHRISTIAN D. HUMPHREYS (SBN 174802)
E-mail: chumphreys@mckennalong.com
TIMOTHY A. HORTON (SBN 205414)
E-mail: thorton@mckennalong.com
AMY H. LJUNGDAHL (SBN 234711)
E-mail: aljungdahl@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
Suite 3300, Symphony Towers
750 B Street
San Diego, CA 92101
Telephone:    (619) 595-5400
Facsimile:    (619) 595-5450

Attorneys for Defendant
WILLIAM E. BENDUSH

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| LEON S. SEGEN, derivatively on behalf of APPLIED MICRO CIRCUITS CORPORATION, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID M. RICKEY, WILLIAM E. BENDUSH, and APPLIED MICRO CIRCUITS CORPORATION,<br><br>    Defendants. | CASE NO. C 07-2917 MJJ<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 BY DEFENDANT WILLIAM E. BENDUSH; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    November 27, 2007<br>Time:    9:30 a.m.<br>Dept.:    11<br>Judge:   Hon. Martin J. Jenkins |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 2

II.  PLAINTIFF FAILS TO SATISFY THE PLEADING STANDARD OF RULE 9(B) .......................................................................................................................... 4

III. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF SECTION 16(B) AGAINST MR. BENDUSH ................................................ 6

    A.  The Board Approval Exemption of Rule 16b-3(b)(1) Applies .............................. 6

        1.  Plaintiff Does Not Allege With Particularity That The Compensation Committee Did Not Approve The Challenged Grants ........ 6

        2.  Plaintiff's Theory That The Grants Were Not Approved "In Advance" Is Legally Flawed And Unsupported By Particularized Facts ............................................................................................................. 7

        3.  Plaintiff's Theory That The Approval Was Improperly Delegated Is Legally Flawed And Unsupported By Particularized Facts ..................... 8

    B.  Rule 16b-3(d)(3) (Holding Exemption) Applies To The March and December 2000 Grants ................................................................................................ 9

        1.  Mr. Bendush Held The Options Received From Challenged Grants For More Than Six Months ............................................................. 9

        2.  Plaintiff Cannot Plead Around Rule 16b-3(d)(3) By Incorporating A Condition That Is Foreign To The Exemption ....................................... 9

        3.  Courts Recognize Backdated Options Are Not Per Se Ineligible And The SEC Has Authority To Promulgate Rule 16b-3(d)(3) ................ 10

IV.  PLAINTIFF'S TOLLING THEORY FAILS AND SECTION 16(B) CLAIM IS TIME-BARRED ........................................................................................................ 11

V.   CONCLUSION ...................................................................................................................... 12

# TABLE OF AUTHORITIES

Page

## CASES

*Bell Atlantic Corp. v. Twombly*
  127 S.Ct. 1955 (2007) ................................................................................... 4

*California ex rel. Mueller v. Walgreen Corp.*
  175 F.R.D. 631 (N.D. Cal. 1997) ................................................................... 4

*Clegg v. Cult Awareness Network*
  18 F.3d 752 (9th Cir. 1994) ............................................................................ 4

*Conerly v. Westinghouse Electric Corp.*
  623 F.2d 117 (9th Cir. 1980) ........................................................................ 11

*Dreiling v. American Express Co.*
  458 F.3d 942 (9th Cir. 2006) ................................................................. 3, 8, 9

*In re Real Estate Associates Ltd. Partnership Litigation*
  223 F.Supp.2d 1142 (C.D. Cal. 2002) ........................................................... 4

*McMichael v. U.S. Filter Corp.*
  2001 WL 418981 (C.D. Cal. Feb. 23, 2001) .................................................. 8

*Navarro v. Block*
  250 F.3d 729 (9th Cir. 2001) .......................................................................... 4

*Olagues v. Semel*
  2007 WL 2188105 (N.D. Cal. Jan. 18, 2007) ........................................ 3, 9, 10

*Reliance Elec. Co. v. Emerson Elec. Co.*
  404 U.S. 418 (1972) ..................................................................................... 10

*Roth v. Perseus, LLC*
  2006 WL 2129331 (S.D.N.Y. July 31, 2006) ........................................ 3, 7, 10

*Roth v. Reyes*
  2007 WL 518621 (N.D. Cal. Feb. 13, 2007) ........................................... passim

*Vess v. Ciba-Geigy Corp.*
  317 F.3d 1097 (9th Cir. 2003) ........................................................................ 4

*Whittaker v. Whittaker Corp.*
  639 F.2d 516 (9th Cir. 1981) ........................................................................ 11

*Yourish v. Cal. Amplifier*
  191 F.3d 983 (9th Cir. 1999) .......................................................................... 4

## STATUTES AND REGULATIONS

15 U.S.C.
  Section 78p(a)(3)(B) .................................................................................... 11

Federal Rule of Civil Procedure
  Rule 8(a) ......................................................................................................... 4
  Rule 9(b) ..................................................................................................... 2, 4

17 C.F.R.
  Section 240.16b-3(d)(1) ......................................................................... passim
  Section 240.16b-3(d)(3) ......................................................................... passim

# TABLE OF AUTHORITIES
(continued)

Page

### MISCELLANEOUS

Ownership Reports and Trading by Officers, Directors and Principal Security Holders, 61 FR 30376 (Final Rule Release June 14, 1996) ..................................................... 9

SD:22158886.6

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

## NOTICE OF MOTION AND MOTION TO DISMISS

Please take notice that on November 27, 2007 at 9:30 a.m., or as soon thereafter as counsel may be heard, before the Honorable Martin J. Jenkins of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant William E. Bendush will, and hereby does, move the Court for an order dismissing Plaintiff Leon S. Segen's Verified Complaint for Violation of the Securities Exchange Act of 1934 (herein the "Complaint," cited as "Compl.") with prejudice pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is made on the grounds that Plaintiff's Complaint fails for the following reasons: (1) the Complaint is grounded in fraud, but fails to satisfy heightened pleading requirements under Rule 9(b); (2) the option grants challenged by Plaintiff are exempt from Section 16(b) liability; and (3) Plaintiff's action is time-barred and cannot be saved by an equitable tolling theory.

Further, this motion is based on this notice, the attached memorandum of points and authorities, the joinder to AMCC's Request for Judicial Notice filed concurrently-herewith, the pleadings, records, and papers on file in this action, such other papers as may be filed at or before the hearing of this motion, oral arguments of counsel, and any other matters properly before the Court.

## STATEMENT OF ISSUES
## (CIV. L.R. 7-4(A)(3))

1. Whether Plaintiff has satisfied the pleading requirements under Rule 9(b) with respect to his claim under Section 16(b) of the Securities Exchange Act of 1934 ("Section 16(b)").

2. Whether Plaintiff alleged sufficient particularized facts to establish that AMCC's Board, or any authorized entity, did not approve the challenged grants.

3. Whether Plaintiff overcame exemption under Rule 16b-3(d)(3) where at least two of the three challenged grants were held for more than six months.

1    4.    Whether Plaintiff's Section 16(b) claim against Mr. Bendush is time-barred where Plaintiff waited to file suit until more than six years after the alleged transactions.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

This is a purported derivative action in which Leon S. Segen ("Plaintiff"), a shareholder of Applied Micro Circuits Corporation ("AMCC"), seeks to recover alleged "short swing" profits, under Section 16(b) of the Securities and Exchange Act, purportedly reaped from backdated options granted to William Bendush and David Rickey ("Individual Defendants"), former officers of AMCC. Plaintiff's claims against Mr. Bendush are founded upon option grants dated March 8, 2000, December 21, 2000, and July 11, 2001 and disclosed six or more years ago in Securities and Exchange Commission ("SEC") Forms 4. (Compl. ¶ 30.) As the disclosure forms attached to the Complaint reflect, all of those options were tendered to AMCC and cancelled on November 27, 2001. (Compl., Ex. B.)

Plaintiff's Complaint should be dismissed because it is based upon fundamentally unsound legal theories and lacks detailed factual allegations sufficient to state a claim under Section 16(b). Plaintiff's Complaint is grounded in fraud and, therefore, must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure Rule 9(b) ("Rule 9(b)"). Plaintiff's reliance on imprecise, inconsistent allegations that conflict with SEC filings referenced by the Complaint does not satisfy this stringent standard.

Furthermore, Plaintiff's underlying legal theories are fatally flawed. As Plaintiff concedes, option grants to officers or directors from an issuer are generally exempt from Section 16(b) liability because of rules promulgated by the SEC. (Compl. ¶ 7.) Despite Plaintiff's flawed attempts to void the applicable SEC Rules, the challenged grants to Mr. Bendush are exempt as (1) board-approved transactions under Rule 16b-3(d)(1) and, in the case of the grants in 2000, (2) options held at least six months under Rule 16b-3(d)(3).

First, Plaintiff contends the board approval exemption is inapplicable because the challenged grants were not approved "in advance" or were "impermissibly delegated." (Compl. ¶¶ 11, 14, 15.) However, courts have already rejected similar attempts to read new requirements

or subjective standards into Rule 16b-3. In addition, Plaintiff's conclusory allegations of backdating are insufficient to carry his flawed legal theories.

Second, Plaintiff asserts that the holding exemption is inapplicable because a supposed "condition precedent" of having board approval was not met—falling back on his theories for evading the approval exemption. (Compl. ¶ 16.) Yet, this Court and the SEC have already found that the holding and board approval exemptions are independent of each other. As the plain language of Rule 16b-3 indicates, an exemption is available under one "or" the other. In a last-ditch argument, Plaintiff asserts that the SEC lacks the authority to exempt the challenged transactions—but this argument has already been rejected as well.

In addition to the applicable exemptions, Plaintiff's claim against Mr. Bendush is barred by Section 16(b)'s two-year limitations period. Plaintiff tries to save his 16(b) claim by insisting equitable tolling applies because Mr. Bendush's options were not "properly disclosed." (Compl. ¶ 27.) The objective fact that Mr. Bendush *did* make the requisite disclosures longer than two years ago, not a new subjective standard introduced by Plaintiff, is dispositive.

Accordingly, Mr. Bendush asks this Court to dismiss the Complaint against him. As detailed below, Plaintiff's underlying legal theories have already been rejected by courts including the Ninth Circuit and this Court. *See, e.g., Dreiling v. American Express Co.*, 458 F.3d 942 (9th Cir. 2006) and *Olagues v. Semel*, 2007 WL 2188105 (N.D. Cal. Jan. 18, 2007). Indeed, other federal district courts have rejected similar arguments and dismissed similar complaints submitted by Plaintiff's same counsel. *See Roth v. Perseus, LLC*, 2006 WL 2129331 (S.D.N.Y. July 31, 2006) and *Roth v. Reyes*, 2007 WL 518621 (N.D. Cal. Feb. 13, 2007).[1] Recast against Mr. Bendush, Plaintiff's theories still lack merit and the requisite particularized allegations.

/ / /

/ / /

---

[1] On August 28, 2007, the court in *Roth v. Reyes* issued its ruling on the second amended complaint, reaffirming its rejection of plaintiff's theories and dismissing the complaint with prejudice. (*See* August 27, 2007 order issued by Judge Charles R. Breyer in the matter of *Roth v. Reyes et al.*, Case No. 06-cv-02786 (CRB) ("*Roth* Order"), attached as Exhibit D to the Decl. of Dale R. Bish in support of the Nominal Defendant AMCC's Notice of Mot. and Mot. to Dismiss Compl. ("Bish Decl.").)

## II. PLAINTIFF FAILS TO SATISFY THE PLEADING STANDARD OF RULE 9(B)

Plaintiff's claims are founded upon the theory that the challenged option grants were the product of a supposed backdating scheme, but the Complaint fails to satisfy Rule 9(b), which mandates that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."[2] Fed. R. Civ. Proc. 9(b). A complaint alleging fraud must provide particularized facts detailing "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003); *California ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 631, 635 (N.D. Cal. 1997) (dismissing complaint which set forth the "nature" of the allegedly fraudulent scheme but failed to set forth the time, place and content of the particular false claims). A plaintiff must set forth more than the neutral facts surrounding the claims. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999).

Even where plaintiffs omit a specific claim for fraud, allegations of an underlying, unified course of fraudulent conduct are said to be "grounded in fraud" and are subject to the particularity requirement of Rule 9(b). *Vess, supra*, 317 F.3d at 1103; *see also In re Real Estate Associates Ltd. Partnership Litigation*, 223 F.Supp.2d 1142, 1146-47 (C.D. Cal. 2002) ("The failure of a plaintiff to expressly plead fraud does not prevent a court from finding that a complaint is grounded in fraud."). The Complaint is grounded in fraud as it springs from the theory that challenged options "were the product of a backdating scheme." (Compl. ¶ 17.) Plaintiff alleges "the Company had improperly dated certain stock option grants" and "the Company and its senior officers and/or directors, including the Individual Defendants, were engaged in a scheme to backdate the grant of options in order to unjustly enrich the recipients." (Compl. ¶¶ 19, 21.)

---

[2] Plaintiff's Complaint fails to comply even with the ordinary pleading requirements under Rule 8(a) and 12(b)(6). Dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," may be based on either the lack of a "cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 731-32 (9th Cir. 2001). Allegations that amount to legal conclusions, but lack factual support, need not be accepted as true. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Recently, the U.S. Supreme Court bolstered Rule 8(a)'s "fair notice" requirement, holding a complaint must have "plausible" grounds; that is, it must contain "enough facts to raise a reasonable expectation that discovery will" support its underlying theory. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Simply stated, Plaintiff's reliance on unsupported legal conclusions does not pass muster under any standard.

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

Throughout the Complaint, Plaintiff alleges that the Individual Defendants engaged in a "scheme" to enrich themselves at the expense of AMCC and are "liable for the profits they have improperly garnered" from the option grants that were "improperly accounted for." (*See, e.g.,* Compl. ¶¶ 9, 14, 17, 21, 32.) Plaintiff also claims that the Individual Defendants' disclosures of the challenged grants were false. (Compl. ¶¶ 27, 33.) Considering comparable allegations in another backdating 16(b) action brought by the same counsel, Judge Breyer of this District explained that, because such allegations sound in fraud, "the more rigorous standard of Rule 9 applies." *Roth*, 2007 WL 518621, at *8.

Cobbled together with vague and conflicting claims, the Complaint lacks the requisite detailed allegations that supply particularized facts demonstrating the alleged backdating of the challenged options. First, the Complaint concedes that, at the time of the challenged grants, AMCC had a Compensation Committee with three non-employee members of the Board of Directors which was responsible for approving option grants to AMCC's executives. (Compl. ¶ 12.) However, the Complaint implies with generalized, blanket allegations that AMCC's directors did not approve the challenged grants. (*See, e.g.,* Compl. ¶ 22; "[T]he Board did not approve or authorize the Option Grants.") However, elsewhere the Complaint accepts that there was an approval process, but claims it was not "proper." (*See* Compl. ¶ 17 ("[T]he Option Grants were not approved by AMCC's Board *in a manner* that satisfied the requisite gate-keeping requirements of the Rule."); *id.* ¶ 30 ("During the period from 1999 through at least 2001, Rickey and Bendush received option grants that were *improperly* granted without *proper* approval under the Company's option plans.") (emphasis added).)

The Complaint offers imprecise allegations, without any supporting particularized facts about the challenged grants, that the Board "impermissibly delegated" the approval of grants to AMCC's management. (Compl. ¶ 12 ("[T]he Compensation Committee permitted AMCC's management, including the Individual Defendants, to grant option to certain employees."); ¶ 14 ("[T]he Board impermissibly delegated the gate-keeping functions of the Rule by placing the fox in charge of the henhouse.").) Alternatively, the Complaint theorizes that the challenged Option Grants simply were not approved "in advance." (Compl. ¶ 14 ("None of the Option Grants at

1  issue in this case were approved in advance by the Board or an authorized committee of the
2  Board."); ¶ 15.) Confusing the role of AMCC's Board further, the Complaint makes the
3  conflicting claims that, on the one hand, AMCC's "... directors ... were engaged in a scheme to
4  backdate" the challenged grants but, on the other hand, the challenged grants "were the product of
5  a backdating scheme *unknown* to the Board and not approved by it." (Compare Compl. ¶¶ 17 and
6  21) (emphasis added). As detailed below, absent from the Complaint are cogent, particularized
7  facts supporting Plaintiff's blanket conclusions.

### III. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF SECTION 16(B) AGAINST MR. BENDUSH

#### A. The Board Approval Exemption of Rule 16b-3(b)(1) Applies

Plaintiff acknowledges that if the option grants to Mr. Bendush were approved by AMCC's Board or the Compensation Committee, they would be exempt from Section 16(b) liability. (Compl. ¶ 7.) Indeed, under SEC Rule 16b-3(d)(1), option grants are exempt if approved "by the board of directors of the issuer, or a committee of the board of directors that is composed solely of two or more Non-Employee Directors." 17 C.F.R. § 240.16b-3(d)(1). Yet, Plaintiff has failed to state particularized allegations demonstrating that "the Board of Directors actually failed to approve the stock options, whether backdated or not," therefore, "he has failed to satisfy the heightened pleading requirements applicable to his claim." *Roth v. Reyes*, 2007 WL 518621 at *8 (N.D. Cal. Feb. 13, 2007).

##### 1. Plaintiff Does Not Allege With Particularity That The Compensation Committee Did Not Approve The Challenged Grants.

Absent from the Complaint are any details that corroborate that the Compensation Committee failed to approve the three challenged grants to Mr. Bendush. Plaintiff asserts that the conclusions of AMCC's stock option investigation described in the Company's Form 10-K filed in January of this year somehow reveals that the challenged grants were not approved. (Compl. ¶¶ 19, 20.) In reality, its repeated references to the Compensation Committee's approval of re-measured options demonstrate the opposite. (*See, e.g.,* Form 10-K dated March 31, 2006 at 46-

47, attached to Bish Decl. at Ex. A.).[3] The Complaint's real contention is that the Board did not *properly* approve the challenged grants because they—or at least some option grants in the timeframe—were allegedly backdated. Unable to state coherent, particularized facts showing that AMCC's Board actually failed to approve the challenged grants, Plaintiff attempts to plead around the board approval exemption by introducing limitations that do not appear in the statute or SEC rule. However, as the court in *Roth v. Reyes* found, "[a]n allegation that the Board did not properly approve the grants is a legal conclusion, rather than a factual allegation that the Board never gave its blessing to the backdated transactions." *Roth v. Reyes*, 2007 WL 518621 at *8.

### 2. Plaintiff's Theory That The Grants Were Not Approved "In Advance" Is Legally Flawed And Unsupported By Particularized Facts.

Plaintiff alleges that AMCC's board did not approve the challenged grants "in advance," and theorizes that Mr. Bendush is therefore disqualified from the board approval exemption. (Compl. ¶¶ 11, 14, 15.) This is nothing more than an allegation of "backdating in semantic disguise." (*See Roth* Order at 8:1, attached to Bish Decl. at Ex. D.) There is no language in Section 16(b) or the Rule that the board must approve a transaction "in advance." *Id.* at 8:21-22. The Ninth Circuit has rejected attempts to create requirements that are not in the plain text. *Dreiling v. American Express Co.*, 458 F.3d 942, 953 (9th Cir. 2006); *see also Roth v. Perseus, LLC*, 2006 WL 2129331 at *11 (rejecting attempt to add requirements to Rule 16b-3(d)). Furthermore, what exactly Plaintiff means by his newly created requirement is unclear. If Plaintiff is asserting that the Compensation Committee must approve the challenged grant before it could be received by Mr. Bendush, then his claim fails because his Complaint lacks any particularized facts to suggest that such approval did not occur. If, on the other hand, Plaintiff believes a grant must be approved "in advance" of the date that appears on the grant paperwork, his requirement is nonsensical. (*See Roth* Order at 8:1-3, attached to Bish Decl. at Ex. D ("[T]he Court reads the SEC's construction as pertaining to the approval *in advance of the insiders'*

---

[3] Mr. Bendush joins Defendant AMCC's request for the Court to take judicial notice of AMCC's 2006 Form 10-K, attached as Exhibit A to the Declaration of Dale R. Bish in support of the Nominal Defendant AMCC's Notice of Motion and Motion to Dismiss Complaint. (*See* concurrently-filed Joinder to Nominal Defendant AMCC's Request for Judicial Noticed.)

1  *receipt of the stock* option, and not as requiring approval in advance of the date actually listed on
2  the stock option grant.").) Since a grant only comes about once an authorized entity makes the
3  grant, approval would always be "in advance" of the date the grant is made. (*See* Nominal
4  Defendant AMCC's Notice of Mot. and Mot. to Dismiss Compl. at §II.C.1. and Bish Decl, at Ex.
5  B.) Thus, approval by an authorized body is always "in advance" of a grant and must comply
6  with Rule 16b-3.

### 3. Plaintiff's Theory That The Approval Was Improperly Delegated Is Legally Flawed And Unsupported By Particularized Facts.

Plaintiff also claims that the challenged grants are not entitled to exemption because the Board "impermissibly delegated" the task to approve grants to AMCC's management. (Compl. ¶¶ 12, 14.) Nothing in Rule 16b-3(d)(1) adds such a requirement to the board approval exemption. The plaintiff in *Roth v. Reyes*, 2007 WL 518621 (N.D. Cal. Feb. 13, 2007) made a similar assertion, claiming the Board of Directors there "abdicated its responsibility to oversee the options grants." *Roth v. Reyes,* 2007 WL 518621 at *8. In response, the *Roth* court reasoned, "A failure to exercise oversight is not the same thing as a failure to approve." *Id.* Again, Plaintiff cannot plead around a viable exemption by relying on non-existent standards. *Dreiling*, 458 F.3d at 953. Needless to say, if courts only required plaintiffs to assert approval was not "proper," the statute of limitations and the objective standards discussed in *Dreiling* would be rendered meaningless.[4] Accordingly, Plaintiff cannot conjure new requirements into Rule 16b-3(d)(1) as a substitute for particularized allegations demonstrating that the challenged grants were not approved by the Board.

///

///

---

[4] Plaintiff's attempt to invent new requirements to second-guess AMCC's Board improperly imposes on the Company's business judgment, including any decisions to delegate business functions. The business judgment rule "posits a powerful presumption in favor of actions taken by the directors" that "courts hesitate to second-guess." *McMichael v. U.S. Filter Corp.*, 2001 WL 418981 at *9 (C.D. Cal. Feb. 23, 2001) (holding plaintiff failed to overcome business judgment rule). Just as his failure to state backdating, Plaintiff has failed to allege particularized facts sufficient to overcome the business judgment rule.

### B. Rule 16b-3(d)(3) (Holding Exemption) Applies To The March and December 2000 Grants.

#### 1. Mr. Bendush Held The Options Received From Challenged Grants For More Than Six Months

The holding exemption under Rule 16b-3(d)(3) applies to the challenged grants to Mr. Bendush dated March 8, 2000 and December 21, 2000. In essence, the rule provides an exemption for option grants from the issuer to its officers and directors where they hold the options or resulting securities for at least six months. 17 C.F.R. § 240.16b-3(d)(3); *see Olagues v. Semel*, 2007 WL 2188105 *3 (N.D. Cal. Jan. 18, 2007) M. Jenkins (an option grant to an insider "will be exempt from Section 16(b) liability so long as at least six months elapses between the acquisition and disposition of the shares acquired upon exercise of the derivative security."). Plaintiff cannot, and does not, dispute that Mr. Bendush held the options grants he received in 2000 for more than six months. Indeed, Mr. Bendush never exercised any of the challenged options as they were all tendered to AMCC for cancellation on November 27, 2001. *See* Compl. at Ex. B (Form 4 dated Dec. 10, 2001).

#### 2. Plaintiff Cannot Plead Around Rule 16b-3(d)(3) By Incorporating A Condition That Is Foreign To The Exemption

Unable to state facts demonstrating that Rule 16b-3(d)(3) does not apply, Plaintiff attempts to change the rule by theorizing that board approval is a prerequisite to the holding exemption – a condition not found in the rule itself. (Compl. ¶ 16.) This Court recently rejected that very argument. *See Olagues* at *5 n.3 (reasoning that since the holding exemption applied, it did *not* need to address the board approval exemption under Rule 16b-3(d)(1). The plain language of Rule 16b-3 contradicts Plaintiff's theory, stating an exemption is available under Rule 16b-3(d)(1) "*or*" Rule 16b-3(d)(3). 17 C.F.R. §§ 240.16b-(3)(1)-(3). Indeed, with regard to Rule 16b-3(d) exemptions, the SEC has commented that it is "persuaded that satisfaction of *any* of the three conditions is a sufficient basis to exempt an acquisition of issuer equity securities from the issuer." Ownership Reports and Trading by Officers, Directors and Principal Security Holders, 61 FR 30376, 30380 (Final Rule Release June 14, 1996) (emphasis added). Thus, as this

1  Court has recognized before, Plaintiff's efforts to conflate the holding exemption and board
2  approval exemption misstates the law.

3    **3. Courts Recognize Backdated Options Are Not Per Se Ineligible And
4      The SEC Has Authority To Promulgate Rule 16b-3(d)(3)**

5    Plaintiff's fallback is to argue that Rule 16b-3(d)(3) is "beyond the scope of the SEC's
6  authority." (Compl. ¶¶ 23-25.) Plaintiff claims it would be an "impermissible exercise of agency
7  authority" for the SEC to allow an exemption for backdated options. (Compl. ¶ 25.) Not only
8  has Plaintiff failed to allege with particularity that the challenged grants were backdated, this
9  underlying theory has no merit.

10    The Ninth Circuit and this Court have already rejected the crux of Plaintiff's argument. In
11  *Dreiling v. American Express Co.*, 458 F.3d 942 (9th Cir. 2006), the plaintiff asserted that the
12  SEC lacked authority to promulgate Rule 16b-3 and that the rule was contrary to the purpose of
13  Section 16(b). *Dreiling*, 458 F.3d at 949. Noting the Supreme Court's observation that the SEC
14  can exempt transactions even where there is a potential for abuse, the Ninth Circuit rejected the
15  challenge to the SEC's authority. *Id.* at 951 (citing *Reliance Elec. Co. v. Emerson Elec. Co.*, 404
16  U.S. 418, 422 (1972)). This Court recently acknowledged the Ninth Circuit's rejection of
17  challenges to Rule 16b-3. *Olagues,* at *3 n.4.

18    Previous attempts by Plaintiff's same counsel to raise the same argument have been
19  unsuccessful. *See, e.g., Roth v. Perseus, LLC*, 2006 WL 2129331 at *11 and *Roth v. Reyes*, 2007
20  WL 518621 at *5. One court explained that, contrary to the theory that backdated options are *per
21  se* ineligible for exemption under 16b-3, "the backdating of stock options does not *ipso facto*
22  render those transactions subject to the ban on short-swing trading under Section 16(b)." *Roth v.
23  Perseus, LLC*, 2006 WL 2129331 at *7. Similarly, as Judge Breyer of this District has explained,
24  "to interpret Section 16(b) as encompassing all "illegitimate" transactions, regardless of the
25  exemptions set forth by the SEC, would be inconsistent with the design of the system that
26  Congress and the SEC have constructed." *Roth v. Reyes*, 2007 WL 518621 at *6. Accordingly,
27  Plaintiff's rehashed attempt to dodge the applicable exemptions should be rejected once again.
28  ///

IV. **PLAINTIFF'S TOLLING THEORY FAILS AND SECTION 16(B) CLAIM IS TIME-BARRED**

Plaintiff's Complaint is also barred by the statute of limitations. "Section 16(b) provides that no suit under the section 'shall be brought more than two years after the date such profit was realized.'" *Whittaker v. Whittaker Corp.*, 639 F.2d 516, 527 (9th Cir. 1981). Here, Plaintiff waited six years after the last of the challenged option grants made in 2000 and 2001 before filing this suit in June of 2007. After implicitly conceding that his claims would otherwise be tardy, Plaintiff contends the statute of limitations should be indefinitely tolled because the challenged options "were not *properly* disclosed and in fact have not been *properly* disclosed to this date." (Compl. ¶ 27 (emphasis added).) Plaintiff's tolling theory is both legally flawed and lacks necessary factual allegations. *See Conerly v. Westinghouse Electric Corp.*, 623 F.2d 117, 119 (9th Cir. 1980) (explaining that, where the limitations period appears on the face of a complaint to have run, motions to dismiss should be granted if the plaintiff cannot prove statute is tolled under the allegations made).

Plaintiff's subjective standard of "proper" disclosure is neither the recognized rule nor a feasible substitute. Plaintiff relies on *Whittaker* as support for his theory, but in that case the Ninth Circuit held that the statute of limitations on the Section 16(b) claim was equitably tolled because defendant failed to file the requisite SEC disclosures altogether. *Whittaker*, 639 F.2d at 527, 530. Here, as evidenced by the forms attached to Plaintiff's Complaint, Mr. Bendush did file the requisite forms and disclosed the challenged transactions. (*See* Compl. at Ex. B.) Furthering Section 16's purpose of "impos[ing] absolute accountability within clearly demarcated boundaries," the Ninth Circuit explained that the limitations period "can be mechanically calculated from objective facts," not debatable subjective standards. *Whittaker*, 639 F.2d at 527. The key "objective facts" include "[t]he dates on which purchases and sales are made" and "the dates on which § 16(a) reports are filed with the SEC." *Id.*[5]

---

[5] Section 16(a) requires only a basic disclosure that "indicate[s] ownership by the filing person at the date of filing, any such changes in such ownership, and such purchases and sales of the security-based swap agreements as have occurred since the most recent such filing under such subparagraph." 15 U.S.C. § 78p(a)(3)(B).

If Plaintiff's subject standard was the rule, the statute of limitations would virtually never run because any plaintiff could simply make the same conclusory assertion. That is, under Plaintiff's theory, a lawsuit could be brought at any time so long as Plaintiff simply makes a blanket allegation that defendant's Section 16(a) forms do not contain "proper disclosures." Applying the Ninth Circuit's instructions and the information readily available on the SEC forms attached to the Complaint, Plaintiff's claims are time-barred.

The Complaint does not state facts sufficient to justify tolling the statute of limitations. Of course, having attached them to the Complaint, Plaintiff does not allege that Mr. Bendush did not actually file the requisite disclosures. Nor does Plaintiff allege—even generally, let alone with the requisite particularity—that the alleged backdating of stock options disguised any purchases and sales made within a six-month period. Ultimately, even if Plaintiff's tolling theory did not contradict the standard set by the Ninth Circuit and the policy behind Section 16, the Complaint still lacks detailed factual allegations demonstrating with particularity that the disclosure forms' designation of the transactions as exempt was fraudulent. Therefore, Plaintiff's claims against Mr. Bendush are time-barred.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a Section 16(b) claim and Mr. Bendush respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

Dated: August 28, 2007

McKENNA LONG & ALDRIDGE LLP

By:/s/Timothy A. Horton
Robert S. Brewer, Jr.
Timothy A. Horton
Amy H. Ljungdahl

Attorneys for Defendant
WILLIAM E. BENDUSH