1  DOUGLAS J. CLARK, State Bar No. 171499
   DANIEL W. TURBOW, State Bar No. 175015
2  DALE R. BISH, State Bar No. 235390
   WILSON SONSINI GOODRICH & ROSATI
3  Professional Corporation
   650 Page Mill Road
4  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
5  Facsimile:  (650) 565-5100
   Email: dclark@wsgr.com
6
   Attorneys for Nominal Defendant
7  Applied Micro Circuits Corporation

8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
                         SAN FRANCISCO DIVISION
11

| | |
|---|---|
| LEON S. SEGEN, derivatively on behalf of APPLIED MICRO CIRCUITS CORPORATION, INC., <br><br> Plaintiff <br><br> v. <br><br> DAVID M. RICKEY, WILLIAM E. BENDUSH, and APPLIED MICRO CIRCUITS CORPORATION, <br><br> Defendants. | CASE NO.: C 07-2917 MJJ <br><br> **NOMINAL DEFENDANT APPLIED MICRO CIRCUITS CORPORATION'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** <br><br> DATE: December 11, 2007 <br> TIME: 9:30 a.m. <br> COURTROOM: 11 <br><br> JUDGE: Honorable Martin J. Jenkins <br><br> Action Filed: June 5, 2007 <br> Trial Date: Not Set |

## INTRODUCTION

As explained in AMCC's opening brief ("AMCC Mem."), plaintiff is pursuing this action under Section 16(b) of the Securities Exchange Act of 1934 despite the fact that the challenged transactions are plainly exempt from such liability under Rule 16b-3(d). Rather than explain why the plain language of Rule 16b-3(d) should not apply here, plaintiff instead largely ignores the arguments set forth in the opening brief and badly distorts decisions – including one by this Court – that are squarely on point and provide for dismissal of this action. Lacking any facts to support his allegations, plaintiff incorrectly attempts to shift the burden onto the defendants by arguing that the "facts concerning the approval process are within defendant's possession and unknown to plaintiff." These arguments only highlight the tenuousness of his claims. It is plaintiff – not defendants – who is required to set forth sufficient factual allegations in order to state a claim under Section 16(b). Where plaintiffs cannot do so – or where, as here, the allegations themselves make clear that a transaction is exempt from liability – the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

### I. THE COMPLAINT IS SUBJECT TO THE HEIGHTENED PLEADING STANDARDS OF RULE 9(B)

In its opening brief, AMCC demonstrated that the Complaint is subject to the heightened pleading requirements of Rule 9(b). AMCC Mem. at 3-4 (citing *Roth v. Reyes*, No. C 06-02786 (CRB), 2007 WL 518621, *8 (N.D. Cal. Feb. 13, 2007) ("*Roth I*")). Plaintiff's argument that Rule 9(b) does not apply because "Section 16(b) does not implicate any issues of fraud" is wrong. *Cf.* Opp. at 8. Plaintiff does not dispute that his Complaint sounds in fraud. Although plaintiff believes "that Judge Breyer erred" in finding that Rule 9(b) applied to the virtually identical allegations (*id.*), plaintiff ignores the fact that *Roth I* reflects a well-settled rule that where a complaint "sounds in fraud" – as is the case here – the allegations are subject to Rule 9(b) even if the underlying cause of action (*i.e.*, Section 16(b)) "does not contain an element of fraud." *In re Daou Sys., Inc.*, 411 F.3d 1006, 1027 (9th Cir. 2006); *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiff has no answer for this contrary authority.

1 | Because the Complaint sounds in fraud (AMCC Mem. at 3) plaintiff's allegations are subject to the heightened pleading standards of Rule 9(b). *Daou*, 411 F.3d at 1027.

## II. THE CHALLENGED TRANSACTIONS ARE EXEMPT FROM SECTION 16(b)

### A. The Rule 16b-3(d)(1) Exemption

AMCC's opening brief demonstrated that the challenged transactions fall squarely within the Rule 16b-3(d)(1) exemption. AMCC Mem. at 7-11. AMCC's Compensation Committee, which is composed of two or more Non-Employee Directors (¶ 12), approved each of the challenged transactions, including those that were ultimately included in the Company's Restatement. *See* Bish Decl., Ex. A at 1-2. Plaintiff has not alleged any <u>facts</u> to the contrary.

AMCC also demonstrated why plaintiff's two theories of statutory construction – *i.e.*, the "in advance" and "non-delegation" theories – fail and explained that other courts have previously rejected these "implausible" interpretations of the Rule. AMCC Mem. at 8. Rather than address these shortcomings, plaintiff ignores these arguments altogether. Opp. at 10-11. Even worse, plaintiff brazenly cites Judge Breyer's opinion in *Roth v. Reyes* for the proposition that "directors must approve the specific option grant 'in advance of the insider's receipt of the stock option.'" Opp. at 10. Plaintiff's egregious use of selective quotation notwithstanding, when viewed in its proper context it is clear that Judge Breyer expressly **rejected** this very argument, explaining:

> Plaintiff's main contention is that backdated grants, by their nature, cannot be approved "in advance," as required by Rule 16b-3(d)(1).
> \*\*\*\*
> **The Court rejects this interpretation of Rule 16b-3(d)(1).** First, it is worth noting that this ostensible requirement of "approval in advance" appears nowhere in the text of Rule 16b-3(d)(1), but rather in so-called "adopting releases" issued by the SEC. <u>See, e.g.</u>, Ownership Reports and Trading by Officers, Directors and Principal Security Holders, 70 Fed.Reg. 46,080, 46,082 n. 32 (Aug. 9, 2005). The Court finds it implausible that unexplained *dicta* in the SEC's adopting releases would somehow implicitly proscribe the granting of backdated stock options. **Instead, to the extent that the SEC can even be said to have construed its exemptions as requiring "approval in advance" of executive stock options**, the Court reads the SEC's construction as pertaining to the approval *in advance of the insiders' receipt of the stock option*, and not as requiring approval in advance of the date actually listed on the stock option grant.

*Roth v. Reyes*, No. C06-02-786, 2007 WL 2470122, *6 (N.D. Cal. Aug. 27, 2007) ("*Roth II*") (emphasis added). Plaintiff also disingenuously suggests that Judge Breyer found that "plaintiff had failed to plead facts that show that the transactions at issue did not meet the requirements of

Rule 16b-3(d)." Opp. at 10 n.5. Rather than find that the factual allegations of the Complaint fell short of plaintiff's suggested "standard," Judge Breyer **rejected** plaintiff's theory altogether.[1] The Court should likewise do so here.

Tacitly conceding that *Roth II* is not helpful for his argument, plaintiff argues that he has satisfied "the standards" set forth by Judge Breyer. Opp. at 10 n.5. As explained above, Judge Breyer did not set forth any "standard" other than applying the plain language of Rule 16b-3(d). *Roth II*, 2007 WL 2470122, at *6. In any event, bald allegations that "the Option Grants were not approved by AMCC's board or a committee of the board" (Opp. at 10 n.5) without factual support are nothing more than conclusory allegations that do not satisfy any "standard," even under Rule 12(b)(6). *See* AMCC Mem. at 10 n.3. Moreover, in its opening brief, AMCC demonstrated that the Company's Form 10-K – on which plaintiff heavily relies (¶ 19, 20) – expressly rebuts plaintiff's unsupported allegations that the grants were never approved by the Compensation Committee. *See id.* at 11.

**B.    The Rule 16b-3(d)(3) Exemption**

In their opening briefs, defendants established that several of the challenged transactions are also exempt under the plain language of Rule 16b-3(d)(3). *See, e.g.*, AMCC Mem. at 11-12. Rather than explain why the plain language of Rule 16b-3(d)(3) does not apply, plaintiff argues that the "Rule does not provide an exemption for transactions which are devoid of any of the gate-keeping requirements that underlie the Rule" and reiterates the same conclusory allegation that the "transactions in question were not 'board-approved' in accordance with the 'gate-keeping' criteria set forth in Rule 16b-3(d)(1) or (2)." Opp. at 12. Again, the authority cited by plaintiff – *Dreiling v. American Express* – does not support plaintiff's position. *Dreiling* does **not** hold that "board approval" is a pre-requisite for the Rule 16b-3(d)(3) exemption. When read in context, the portions of *Dreiling* cited by plaintiff clearly pertain to the (d)(1) and (d)(2)

---

[1] These mischaracterizations of Judge Breyer's order are especially egregious in light of the fact that plaintiff's counsel represents the plaintiff in the *Roth* proceedings as well.

exemptions – not (d)(3).[2] In fact, the *Dreiling* court expressly explained that that "**there is no liability** for trades made on inside information if more than six months transpire between purchase and sale." 458 F.3d 942, 947 (9th Cir. 2006) (emphasis added).

Moreover, even if *Dreiling* does support plaintiff's proposition – and it does not – nothing in the opposition brief changes the fact that the Compensation Committee of AMCC's Board *did* approve the challenged transactions thereby satisfying any purported "gate-keeping function" of Rule 16b-3(d)(3).

### III.   PLAINTIFF'S CLAIMS ARE TIME-BARRED

It is undisputed that the statute of limitations under Section 16(b) is two years. AMCC Mem. at 12; Opp. at 13. It is also undisputed that plaintiff did not file his Complaint within "two years after the date such profit was realized." *Whittaker v. Whittaker Corp.*, 639 F.2d 516, 527 (9th Cir. 1981); *Healthrac, Inc. v. Sinclair*, 302 F. Supp. 2d 1125, 1127 (N.D. Cal. 2004); *see also* ¶ 26. Therefore, it is undisputed that the statute of limitations has expired. Opp. at 13 ("that two year period expired prior to the filing of the Complaint.").

Plaintiff nevertheless asserts that the statute of limitations was tolled "as a result of defendants' failure to make proper filings with the SEC." Opp. at 14. Plaintiff does not argue that the defendants failed to file the required forms or that the forms were not timely filed.[3] Rather, plaintiff's sole argument in favor of tolling is that the Forms were designated with an "A," thereby indicating that the grants were subject to exemption under Rule 16b-3. As discussed above, those designations were correct.

---

[2] The question before the *Dreiling* court was whether the SEC had acted within its rule-making authority in enacting the (d)(1) and (d)(2) exemptions – *i.e.*, "board approved" or "shareholder ratified" transactions. 458 F.3d 942, 946 (9th Cir. 2006). *Dreiling* did not address the (b)(3) exemption because – unlike here – plaintiff had alleged that "[w]ithin a period of less than six months, [TRS] engaged in purchases and corresponding sales." *Id.* (emphasis added).

[3] Plaintiff relies on *Whittaker v. Whittaker Corp.*, 639 F. 2d 516 (9th Cir. 1981), *Litzler v. CC Investments, Ltd.*, 362 F. 3d 203 (2d Cir. 2004), and *Rosen ex rel. Egghead.com, Inc. v. Brookhaven Capital Management, Co Ltd.*, 179 F. Supp. 2d 330 (S.D.N.Y. 2002), but those cases are readily distinguishable because the defendants therein failed to file Form 4s altogether. *See* Opp. at 14-16.

1  Now, more than four years later, plaintiff claims the Forms should have been designated with a "P" because, according to plaintiff's novel interpretations of the Rule 16b-3(d) exemptions – interpretations that have never been adopted by any court (and, indeed, have been rejected by several) – the transactions are not exempt. Opp. at 14. If this theory of tolling were accepted, the two-year statute of limitations would be "nearly meaningless" (*Roth I*, 2007 WL 518621, at *4 n.1) because every exempt transaction would required judicial approval before the statute of limitations could begin to run.

## CONCLUSION

For the reasons set forth above and in AMCC's opening brief, plaintiff has failed to state a claim under Section 16(b) and, therefore, his Complaint should be dismissed.

Dated: November 9, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____/s/ Douglas J. Clark_____
        Douglas J. Clark

Attorneys for Nominal Defendant
Applied Micro Circuits Corporation