1  JAMES J. BROSNAHAN (CA SBN 34555)
   D. ANTHONY RODRIGUEZ (CA SBN 162587)
2  GEOFFREY GRABER (CA SBN 211547)
   TRodriguez@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California 94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  Attorneys for Defendant
   DAVID M. RICKEY

7

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11             SAN FRANCISCO DIVISION

12

13 | LEON S. SEGEN, derivatively and on behalf of | Case No. 07-2917 MJJ
   | APPLIED MICRO CIRCUITS CORPORATION,
14 |
   |                Plaintiff,                    | **REPLY IN SUPPORT OF
15 |                                              | DAVID M. RICKEY'S
   |        v.                                    | MOTION TO DISMISS
16 |                                              | PLAINTIFF'S VERIFIED
   | DAVID M. RICKEY, WILLIAM M.                  | COMPLAINT**
17 | BENDUSH, and APPLIED MICRO
   | CIRCUITS CORPORATION,                        | Date:       December 11, 2007
18 |                                              | Time:       9:30 a.m.
   |                Defendants.                   | Courtroom:  11
19 |                                              | Judge:      Hon. Martin J. Jenkins
   |
20 |                                              | Action Filed: June 5, 2007
   |                                              | Trial Date:   Not Set
21

REPLY IN SUPPORT OF DAVID M. RICKEY'S MOTION TO DISMISS
CV07-2917-MJJ
sf-2417058

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 1

I.   RULE 9(b) APPLIES TO PLAINTIFF'S CLAIM. ..................................................... 1

II.  SEC REGULATIONS BAR THE CLAIMS AGAINST MR. RICKEY. ................... 2

    A.   The Option Grants Are Exempt Under Rule 16b-3(d)(1)'s "Board
         Approval" Exemption. ........................................................................................ 2

    B.   The Rule 16b-3(d)(3) "Six-Month Hold" Exemption Also Applies
         to the January 2000 and December 2000 Grants. ............................................... 4

III. PLAINTIFF'S EQUITABLE TOLLING ARGUMENT FAILS AND HIS
     CLAIM IS TIME-BARRED. ...................................................................................... 5

CONCLUSION .................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Dreiling v. Am. Express Co.*,
  458 F.3d 942 (9th Cir. 2006) .................................................................................................. 4

*Durning v. First Boston Corp.*,
  627 F. Supp. 393 (W.D. Wash. 1986) ..................................................................................... 2

*In re Daou Sys., Inc.*,
  411 F.3d 1006 (9th Cir. 2005) ................................................................................................ 2

*Litzler v. CC Inv., L.D.C.*,
  362 F.3d 203 (2d Cir. 2004) ................................................................................................... 5

*McGlinchy v. Shell Chem. Co.*,
  845 F.2d 802 (9th Cir. 1988) .................................................................................................. 2

*Olagues v. Semel*,
  2007 WL 2188105 (Slip Op.) (N.D. Cal. 2007) ..................................................................... 4

*Ott v. Home Sav. & Loan Ass'n*,
  265 F.2d 643 (9th Cir. 1958) .................................................................................................. 2

*Roth v. Reyes*, No. C-06-02786 (*"Roth I"*)
  2007 U.S. Dist. LEXIS 14532, at *13 (Feb. 13, 2007) ........................................................... 4

*Roth v. Reyes*, No. C 06-02786 CRB (*"Roth II"*),
  2007 U.S. Dist. LEXIS 66066, (N.D. Cal., Aug. 27, 2007) ....................................... 1, 2, 3, 4

*Whitaker v. Whitaker Corp.*,
  639 F.2d 516 (9th Cir. 1981) .................................................................................................. 5

**STATUTES**

17 C.F.R.
  § 240.16b-3(d)(1) ................................................................................................................... 2

**OTHER AUTHORITIES**

5 Wright & Miller, FED. PRAC. AND PROC. 1276, at 623-24 (3d ed. 2004) ................................... 3

**INTRODUCTION**

David Rickey and the other defendants demonstrated in their opening briefs that Plaintiff's allegations closely track allegations Judge Breyer dismissed with prejudice in the *Roth* litigation involving Brocade stock options. *See Roth v. Reyes*, No. C 06-02786 CRB 2007 U.S. Dist. LEXIS 66066, (N.D. Cal., Aug. 27, 2007) ("*Roth II*"). Not only are the allegations here largely warmed over from *Roth*, so too are plaintiff's arguments in opposition to the motion to dismiss. Like the unsuccessful plaintiff in *Roth*, plaintiff argues that this Court should amend the text of SEC regulations to prevent the application of two independent exemptions to challenged grants. The law, however, says the regulations should stay as they are. Indeed, in *Olagues v. Semel*, this Court held that the two exemptions are independent bases for dismissing an action, and each must be applied separately.

Moreover, plaintiff fails to acknowledge that he has brought the heightened pleading requirements of Rule 9(b) upon himself, and that his conclusory allegations that directors did not approve option grants fail to meet any recognized pleading standard. Finally, Plaintiff's attempt to avoid the statute of limitations by equitable tolling fails because the Forms 4 and 5 that he attached to his Complaint establish that the clock began running on his purported claims far outside the statute of limitations.

Plaintiff's Section 16(b) claim against Mr. Rickey should be dismissed, with prejudice.

**ARGUMENT**

**I.    RULE 9(b) APPLIES TO PLAINTIFF'S CLAIM.**

In his opening brief, Mr. Rickey showed that Rule 9(b)'s heightened pleading standard applies to the Complaint because Plaintiff's core allegation is that there was a purported "backdating scheme" to "unjustly enrich" the recipients of option grants. (Compl. ¶¶ 17, 21.) The court in *Roth* held that Rule 9(b) applied to an almost identical complaint filed by the same attorneys who represent plaintiff here. *See Roth II*. Plaintiff argues that Judge Breyer "erred" in applying Rule 9(b), because "Section 16(b) does not implicate any issues of fraud or mistake." (Opp. at 8:5-9.)

REPLY IN SUPPORT OF DAVID M. RICKEY'S MOTION TO DISMISS
CV07-2917-MJJ
sf-2417058

1

1    Judge Breyer got it right.  Plaintiff's retread of the plaintiff's argument in *Roth* should fail
2    here as well.  A plaintiff can bring Rule 9(b) upon himself, and that is what Plaintiff has done by
3    resting his claims on a purported "scheme" by Rickey and others to become "unjustly enriched"
4    by option grants.  (Compl. ¶¶ 17, 21.)  Where a claim sounds in fraud, the heightened pleading
5    standard under Rule 9(b) applies, even if the underlying cause of action, like Section 16(b), does
6    not contain an element of fraud.  *In re Daou Sys., Inc.*, 411 F.3d 1006, 1028 (9th Cir. 2005).
7    Indeed, Plaintiff's conclusory allegations fail even to meet Rule 12(b)(6).  *See McGlinchy v. Shell*
8    *Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (conclusory allegations are insufficient to defeat a
9    motion to dismiss for failure to state a claim).

**II.    SEC REGULATIONS BAR THE CLAIMS AGAINST MR. RICKEY.**

   **A.    The Option Grants Are Exempt Under Rule 16b-3(d)(1)'s "Board Approval" Exemption.**

13   Rule 16b-3(d)(1) states that a transaction is exempt from Rule 16(b) if it "is approved by
14   the board of directors of the issuer, or a committee of the board of directors that is composed
15   solely of two or more Non-Employee Directors."  17 C.F.R. § 240.16b-3(d)(1).  The Form 10-K
16   cited in the Complaint refers repeatedly to the Compensation Committee's approval of grants.
17   *See* Bish Declaration in support of AMCC Mot., Ex. A. at 1-2.  Plaintiff's bland assertion that the
18   Compensation Committee did not approve grants defies the clear text of the Form 10-K, but it is
19   not so easy for Plaintiff to plead around the clear statements in the SEC filing that he chose to
20   cite.  To the contrary, "[w]hen the allegations of the complaint are refuted" by documents
21   referenced in the pleading, "the court need not accept the allegations as being true."  *Durning v.*
22   *First Boston Corp.,* 627 F. Supp. 393, 395 (W.D. Wash. 1986) *citing Ott v. Home Sav. & Loan*
23   *Ass'n,* 265 F.2d 643, 646 n. 1 (9th Cir. 1958) (terms of complaint's exhibits prevail over
24   allegations where exhibits and allegations are inconsistent) (other citations omitted).
25   Moreover, Plaintiff nowhere alleges that Mr. Rickey ever awarded himself option grants,
26   much less did so by circumventing the Compensation Committee.  Nor does Plaintiff even hint
27   who (much less plead particular facts showing how and when) others supposedly snuck grants to
28   Mr. Rickey without Compensation Committee approval.  Instead of these facts, Plaintiff argues

only that the Compensation Committee did not approve grants "in advance," and that the Board did not fulfill its "gate-keeping" role. (Opp. at 11:19-22.)[1]

Plaintiff's counsel tried to add "in advance" to Rule 16b-3(d)(1) in *Roth*, but the court declined to amend the Rule. As the court observed in *Roth II*, the "ostensible requirement of 'approval in advance' appears nowhere in the text of Rule 16b-3(d)(1)." *Roth II* at 17. Plaintiff argues that SEC "adopting releases" support his attempt to add language to the Rule. (Opp. at 10:6-16.) Judge Breyer, however, rejected the same argument in *Roth II*, finding "it implausible that unexplained *dicta* in the SEC's adopting releases would somehow implicitly proscribe the granting of backdated stock options." *Roth II* at 17. Moreover, as the court noted in *Roth II*, "to the extent that the SEC can even be said to have construed its exemptions as requiring 'approval in advance' of executive stock options, . . . the SEC's construction [pertains] to the approval *in advance of the insiders' receipt of the stock option*, and not as requiring approval in advance of the date actually listed on the stock option grant." *Id.* at 17-18. (Emphasis in original.) Plaintiff does not allege that Mr. Rickey received any of the options before the Company's Compensation Committee approved them.

Plaintiff's rhetoric about the Board "plac[ing] the fox in charge of the henhouse" is pointless. (Opp. at 6:7-9, citing Compl. ¶ 14.) Plaintiff's counsel used the very same phrase in *Roth* — to no avail. Nowhere does plaintiff allege how Mr. Rickey was placed in charge of the stock option "henhouse" (the Compensation Committee supposedly having abandoned its post,

---

[1] Plaintiff contends in a footnote that the "Rule 16b-3(d) exemption is an affirmative defense, which defendants must plead and prove," and that he "is not obligated to refute an affirmative defense in the Complaint." (Opp. at 10, fn. 5.) Judge Breyer rejected this same argument in *Roth*, noting that "Plaintiff's description of law is anything but complete." *Roth II*, at 18-19, fn. 1. Here, the Complaint itself presents the applicability of two separate exemptions. (Compl. ¶ 10: "Unless there is an exemption for the option grants . . . ). When, as here, "the attempt to avoid [an] affirmative defense actually demonstrates the defense's effectiveness, a situation similar to that of a complaint that contains a built-in defense is presented. As a result, the defendant may test the validity of the defense, since it appears on the face of the complaint." 5 Wright & Miller, FED. PRAC. AND PROC. 1276, at 623-24 (3d ed. 2004). As Judge Breyer noted in *Roth II*, "[h]aving dedicated his amended complaint to explaining why Rule 16b-3(d) does not apply, Plaintiff is hardly in a position to complain about the Court's examination of his theory." *Roth II*, at 18-19, fn. 1. Plaintiff's Complaint here likewise tries mightily to avoid Rule 16b-3(d)'s exemptions, and thereby puts the exemptions squarely at issue. (Compl. ¶¶ 7-17, 22-25, 31.)

1  notwithstanding the numerous statements in the Form 10-K cited in the Complaint that the

2  Compensation Committee approved grants), who placed him there, or what he did.

3        Plaintiff's various theories and assertions are "nothing more than allegations of backdating

4  in semantic disguise." *Roth II* at 15.  Plaintiff's "shadowy language" simply "bootstraps the

5  backdating theory already presented, and rejected by" Judge Breyer in *Roth I* and *II*.  *Id*. at 16.

6  Allegations of backdating, however, are not enough to state a Section 16(b) claim, particularly

7  one subject to Rule 9(b):  "Simply put, backdating is irrelevant to Section 16(b)."  *Roth v. Reyes*,

8  No. C-06-02786, 2007 U.S. Dist. LEXIS 14532, at *13 (Feb. 13, 2007) (*"Roth I"*).

9        For all these reasons, Rule 16b-3(d)(1) bars the claims against Mr. Rickey.

10      **B.**    **The Rule 16b-3(d)(3) "Six-Month Hold" Exemption Also Applies to the January 2000 and December 2000 Grants.**

11

12        Plaintiff concedes that Rule 16b-3(d)(3) provides an independent basis for exemption, but

13  then turns around and argues for the addition of a "board oversight" element to the exemption,

14  which would create a hybrid of the (d)(1) and (d)(3) exemptions.  (Opp. at 13:14-15.)  Once

15  again, Plaintiff is trying to have a federal court amend an SEC rule.  This attempt would be

16  doomed in any court, but it is especially ironic that Plaintiff tries to do so here, when just this

17  year, in *Olagues v. Semel*, this Court dismissed a Section 16(b) claim on the basis of the six-

18  month hold exemption, without borrowing, blending, or otherwise needing to apply the board

19  approval exemption.  *See Olagues v. Semel*, 2007 WL 2188105 at *2, n. 3 (Slip Op.) (N.D. Cal.

20  2007).

21        Plaintiff cites the Ninth Circuit's decision in *Dreiling v. Am. Express Co.*, 458 F.3d 942

22  (9th Cir. 2006), but that case does not discuss the six-month hold exemption, let alone hold that a

23  court can mix and match subsections of Rule 16b-3(d).  To the contrary, the Ninth Circuit held in

24  *Dreiling* that Rule 16b-3(d) must be applied "as written."  *Id*. at 955.

25        There is thus a second, independent, reason to dismiss Plaintiff's claims against

26  Mr. Rickey based on the January 2000 and December 2000 grants.

27

28

REPLY IN SUPPORT OF DAVID M. RICKEY'S MOTION TO DISMISS
CV07-2917-MJJ
sf-2417058

4

**III.   PLAINTIFF'S EQUITABLE TOLLING ARGUMENT FAILS AND HIS CLAIM IS TIME-BARRED.**

Plaintiff does not dispute that Section 16(b) contains a two-year statute of limitations and that he brought his Section 16(b) claim more than six years after the alleged transactions. Nor does he challenge the fact that Mr. Rickey disclosed all of the Option Grants on Forms 4 and 5 in 2000 and 2001. Nevertheless, Plaintiff contends that he is entitled to equitable tolling because Mr. Rickey's Section 16(a) filings were "not proper." Plaintiff effectively concedes that his claim is time-barred if he fails to plead equitable tolling.

Plaintiff fails to plead equitable tolling. The very cases cited in Plaintiff's Opposition make clear that Section 16(b) only requires disclosure of the transactions at issue, *i.e.*, the dates of the purchases and sales. *Whitaker v. Whitaker Corp.*, 639 F.2d 516, 527 (9th Cir. 1981); *Litzler v. CC Inv., L.D.C.*, 362 F.3d 203, 208 (2d Cir. 2004). Indeed, all of the cases cited by Plaintiff involved defendants who had *not filed any Section 16(a) reports at all*. Here, in contrast, Plaintiff chose to attach to his Complaint documents that show (1) Mr. Rickey filed the required Section 16(a) reports, and (2) those reports plainly state the relevant dates.

The Ninth Circuit has chosen a bright-line rule by which the accrual of a Section 16(b) claim can be "mechanically calculated from objective facts." *Whitaker*, 639 F.2d at 529. "The dates on which purchases and sales are made are such [objective] facts, as are the dates on which § 16(a) reports are filed with the SEC." *Id*. The Forms 4 and 5 provide objective facts and did so more than two years before Plaintiff filed his lawsuit. Plaintiff's claims against Mr. Rickey therefore are time-barred.

**CONCLUSION**

For the foregoing reasons, Mr. Rickey respectfully requests that the Court dismiss Plaintiff's Complaint against him.

Dated: November 9, 2007     MORRISON & FOERSTER LLP

By: /s/ D. Anthony Rodriguez
D. Anthony Rodriguez

Attorneys for Defendant
DAVID M. RICKEY

REPLY IN SUPPORT OF DAVID M. RICKEY'S MOTION TO DISMISS
CV07-2917-MJJ
sf-2417058

6