1   CHRISTIAN D. HUMPHREYS (SBN 174802)
    TIMOTHY A. HORTON (SBN 205414)
2   AMY H. LJUNGDAHL (SBN 234711)
    McKENNA LONG & ALDRIDGE LLP
3   Suite 3300, Symphony Towers
    750 B Street
4   San Diego, CA 92101
    Telephone:    (619) 595-5400
5   Facsimile:    (619) 595-5450
    E-mail: thorton@mckennalong.com
6
    Attorneys for Defendant
7   WILLIAM E. BENDUSH

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12
    LEON S. SEGEN, derivatively on behalf        CASE NO.  C 07-2917 MJJ
13  of APPLIED MICRO CIRCUITS
    CORPORATION, INC.,                           REPLY IN SUPPORT OF MOTION TO
14                                               DISMISS COMPLAINT FOR VIOLATION
                   Plaintiff,                    OF THE SECURITIES EXCHANGE ACT
15                                               OF 1934 BY DEFENDANT WILLIAM E.
    v.                                           BENDUSH
16
    DAVID M. RICKEY, WILLIAM E.                  Date:      December 11, 2007
17  BENDUSH, and APPLIED MICRO                   Time:      9:30 a.m.
    CIRCUITS CORPORATION,                        Dept.:     11
18                                               Judge:     Hon. Martin J. Jenkins
                   Defendants.
19

20

21

22

23

24

25

26

27

28

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO
                                                              C 07-2917 MJJ

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................ 1

II.   PLAINTIFF'S OPPOSITION DOES NOT REFUTE THAT PLAINTIFF FAILS TO STATE A SECTION 16(B) CLAIM WITH REQUISITE PARTICULARITY .......... 1

III.  PLAINTIFF'S OPPOSITION DOES NOT REFUTE MR. BENDUSH'S SHOWING THAT THE BOARD APPROVAL EXEMPTION UNDER RULE 16B-3(D)(1) APPLIES ........................................................................................ 2

   A.   Plaintiff Does Not Refute That The Board Approval Exemption Of Rule 16b-3(b)(1) Applies Where The Board Approved The Grants ............................. 2

   B.   Plaintiff Fails To Allege With Particularity That The Board Or Compensation Committee Did Not Approve The Challenged Grants .................... 3

   C.   Plaintiff Cannot Avoid The Rule 16b-3(d)(1) Exemption By Attempting To Place The Burden Of Substantiating His Allegations On Defendants .................... 4

IV.   PLAINTIFF'S OPPOSITION FAILS TO REFUTE THAT THE HOLDING EXEMPTION UNDER RULE 16B-3(D)(3) APPLIES ....................................... 5

V.    THE OPPOSITION DOES NOT REFUTE THAT PLAINTIFF'S CLAIM IS TIME-BARRED AND EQUITABLE TOLLING IS INAPPLICABLE ........................... 5

   A.   Plaintiff Cannot Plead Around The Statute Of Limitations By Incorporating A "Proper Disclosure" Condition That Is Unrecognized By Law ........................ 5

   B.   Plaintiff's Tolling Theory Fails As Tolling Is Not Permitted When Section 16(a) Reports Were Filed ............................................................. 6

   C.   Even If Plaintiff's Tolling Theory Was A Viable Option, Plaintiff's Claim Fails For Not Pleading Particularized Facts ............................................... 7

VI.   CONCLUSION ........................................................................................ 7

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

- i -

C 07-2917 MJJ

# TABLE OF AUTHORITIES

**Page**

## CASES

*Bell Atlantic Corp. v. Twombly*
 127 S. Ct. 1955 (2007) ........................................................................................ 2

*Bureerong v. Uvawas*
 922 F.Supp. 1450 (C.D.Cal. 1996) ...................................................................... 2

*Conerly v. Westinghouse Electric Corp.*
 623 F.2d 117 (9th Cir. 1980) ............................................................................... 6

*Dreiling v. American Express Co.*
 458 F.3d 942 (9th Cir. 2006) .......................................................................... 1, 3

*In re Stac Elec. Sec. Litig.*
 89 F.3d 1399 (9th Cir.1996) ................................................................................ 4

*Litzler v. CC Investments, Ltd.*
 362 F.3d 203 (2d Cir. 2004) ................................................................................ 6

*Navarro v. Block*
 250 F.3d 729 (9th Cir. 2001) ............................................................................... 2

*Olagues v. Semel*
 2007 WL 2188105 (N.D. Cal. Jan. 18, 2007) ................................................. 1, 5

*Roth v. Perseus, LLC*
 2006 WL 2129331 (S.D.N.Y. July 31, 2006) ..................................................... 3

*Roth v. Reyes*
 2007 WL 2470122 (N.D. Cal. Aug. 27, 2007) ............................................ 3, 4, 5

*Roth v. Reyes*
 2007 WL 518621 (N.D. Cal. Feb. 13, 2007) .................................................. 2, 4

*Vess v. Ciba-Geigy Corp.*
 317 F.3d 1097 (9th Cir. 2003) ............................................................................. 2

*Whittaker v. Whittaker Corp.*
 639 F.2d 516 (9th Cir. 1981) ........................................................................... 6, 7

## STATUTES AND REGULATIONS

15 U.S.C.
 Section 78p(a)(3)(B) ............................................................................................ 6

17 C.F.R.
 Section 240.16b-3(d)(1) ....................................................................................... 3
 Section 240.16b-3(d)(3) ....................................................................................... 5
 Section 240.16b-3(1)-(3) ...................................................................................... 5

Federal Rule of Civil Procedure 9(b) ......................................................................... 1

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

- ii -

C 07-2917 MJJ

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

**MISCELLANEOUS**

4

5 Charles Alan Wright & Arthur R. Miller Federal Practice and Procedure § 1276 ...................... 4

5

Stanley Keller, *Stock Option Pricing Practices Occupy Center Stage*,

6

1574 Practising Law Institute, PLI Order No. 12104 (Sept. 2006).......................................... 5

7

*Ownership Reports and Trading by Officers, Directors and Principal Security*

8

*Holders,* 61 F.R. 30376 ........................................................................................................... 5

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

C 07-2917 MJJ

## I.    INTRODUCTION

As detailed in Mr. Bendush's opening brief, Plaintiff's theory of Section 16(b) liability is grounded in fraud, yet the Complaint fails to meet the heightened requirements of the Federal Rule of Civil Procedure 9(b).  Furthermore, Mr. Bendush is exempt from Section 16(b) liability because the challenged grants are:  (1) board-approved transactions under Rule 16b-3(d)(1), and, in two of three grants, (2) options were held at least six months under Rule 16b-3(d)(3).

As detailed below, Plaintiff's Opposition does not refute that his underlying legal theories have already been rejected by courts including the Ninth Circuit and this Court. *See, e.g., Dreiling v. American Express Co.*, 458 F.3d 942 (9th Cir. 2006) and *Olagues v. Semel*, 2007 WL 2188105 (N.D. Cal. Jan. 18, 2007).  Plaintiff makes no attempt to identify particularized factual allegations in his Complaint that support his speculation that the three challenged grants to Mr. Bendush were backdated and that the Board failed to approve those grants.  Finally, Plaintiff cannot rescue a challenge to grants made over six years ago from a straightforward two-year limitations period with his unsupported and flawed tolling theory.  Accordingly, Mr. Bendush requests that the Court dismiss Plaintiff's fatally flawed claims without leave to amend.

## II.    PLAINTIFF'S OPPOSITION DOES NOT REFUTE THAT PLAINTIFF FAILS TO STATE A SECTION 16(B) CLAIM WITH REQUISITE PARTICULARITY

Plaintiff's theory of liability hinges on a purported fraudulent scheme of backdating and alleged misrepresentations in SEC filings by AMCC and its management.  (Compl. ¶¶ 15, 17, 18-22.)  While Plaintiff concedes that "Rule 9(b) requires that allegations relating to fraud or breach of duty be pled with specificity," he argues that the Rule simply does not apply to a Section 16(b) claim.  (Pl's. Opp'n Br. at 7, 8.)  However, <u>none</u> of the cases that Plaintiff relies upon support his proposition as not one concerns a theory of liability based on fraudulent conduct.

Typical Section 16(b) claims do not rely on allegations of fraud and, thus, Rule 9(b) does not apply.  However, where a Section 16(b) claim turns on allegations of fraud, Rule 9(b) applies as it would to any such claim.  Judge Breyer correctly applied that common sense logic in an action concerning nearly identical allegations of backdating, holding "where the Plaintiff's theory of liability hinges on alleged misrepresentations by the insiders in their Section 16(a)

1  disclosures," as Plaintiff's theory does here, "the more rigorous standard of Rule 9 applies." *Roth*

2  *v. Reyes*, 2007 WL 518621 at *8 (N.D. Cal. Feb. 13, 2007) ("*Roth I*").

3  Rather than meeting his obligation to detail the "the who, what, when, where and how" of

4  the alleged backdating and lack of approval of the challenged options, Plaintiff impermissibly sets

5  forth overly generalized, vague and conflicting claims.[1] *Vess v. Ciba-Geigy Corp.*, 317 F.3d

6  1097, 1106 (9th Cir. 2003). Indeed, by offering legal conclusions without the underlying factual

7  support, Plaintiff fails to comply with the baseline pleading requirements of Rule 8(a) and

8  Rule 12(b)(6). Because Plaintiff only proffers conclusions, his allegations need not be accepted

9  as true and, thus, dismissal is warranted under Rule 12(b)(6). *Navarro v. Block*, 250 F.3d 729,

10  731-32 (9th Cir. 2001); *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1462 (C.D.Cal. 1996).

11  Plaintiff's Complaint also fails to contain "enough facts to raise a reasonable expectation that

12  discovery will" support his underlying theory and it is not based on provable, plausible grounds.

13  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Simply stated, Plaintiff's reliance

14  on blanket allegations and unsupported legal conclusions does not pass muster.

15  **III.    PLAINTIFF'S OPPOSITION DOES NOT REFUTE MR. BENDUSH'S SHOWING**
       **THAT THE BOARD APPROVAL EXEMPTION UNDER RULE 16B-3(D)(1)**
16     **APPLIES**

17     **A.    Plaintiff Does Not Refute That The Board Approval Exemption Of Rule 16b-**
             **3(b)(1) Applies Where The Board Approved The Grants**
18

19  Plaintiff does not dispute that the option grants to Mr. Bendush would be exempt under

20  SEC Rule 16b-3(d)(1) if they were approved by AMCC's Board or the Compensation Committee.

21  17 C.F.R. § 240.16(b)-3(d)(1). Still, Plaintiff does not refute that AMCC's Board or the

22  Compensation Committee approved the grants, as stated in AMCC's Form 10-K on which

23  Plaintiff's Opposition relies. (*See, e.g.,* Form 10-K dated March 31, 2006 at 46-47, attached to

24  Bish Decl. at Ex. A (making repeated references to the Compensation Committee's approval of

25  re-measured options).) Rather, Plaintiff contends it is enough that he alleged that the approval

26  _____

27  [1] Plaintiff's opposition cannot explain his conflicting allegations, such as his simultaneous claim
    that AMCC's directors "were engaged in a scheme to backdate" the challenged grants and that
28  scheme was "*unknown*" to the Board." (Compare Compl. ¶¶ 17 and 21 (emphasis added).)

1    was not "proper" because some unidentified grants in the time period were not approved in

2    advance. (Pl's. Opp'n Br. at 11.)

3         There is no language in Section 16(b) or the SEC Rules indicating that the Board must

4    approve a transaction "in advance."[2]  Rather, Plaintiff cites to SEC adopting releases in support of

5    his "in advance" requirement, even though the Ninth Circuit dismissed adopting releases as

6    "unexplained dicta"[3] and rejected attempts to create any requirement to the exemption that

7    "conflicts with the plain text" of the Rule. *Dreiling v. American Express Co.*, 458 F.3d 942, 953

8    (9th Cir. 2006); *see also Roth v. Perseus, LLC*, 2006 WL 2129331 at *11 (S.D.N.Y. July 31,

9    2006) (rejecting attempt to add requirements to Rule 16b-3(d)). When Plaintiff's counsel asserted

10   the same allegation in *Roth v. Reyes*, Judge Breyer there found that, "[a]n allegation that the board

11   did not properly approve the grants is a legal conclusion, rather than a factual allegation that the

12   board never gave its blessing to the backdated transactions." *Roth I* at *8. As in *Roth v. Reyes*,

13   the lack of factual allegations here is fatal to Plaintiff's claim. *Id.*

14       **B.      Plaintiff Fails To Allege With Particularity That The Board Or**
              **Compensation Committee Did Not Approve The Challenged Grants**

15

16       Even if Section 16(b) somehow required board approval in advance, Plaintiff offers no

17   facts—let alone with particularity to satisfy Rule 9(b)—that corroborate that Mr. Bendush

18   received any of the three challenged grants before the Board or Compensation Committee

19   approved them. Instead, Plaintiff tries to support his claim with sweeping quotes from two pages

20   worth of excerpts from AMCC's Form 10-K. (Pl's. Opp'n Br. at 4, citing Form 10-K at 1-3.)

21   But none of those quotes (which often describe an approval process that was in place), identify

22   any particular grants, any individuals involved, or even that the grants at issue were not actually

23   approved before they were received. Simply put, Plaintiff's bald assertion that "[n]one of the

24   _____

25   [2] Rule 16b-3(d)(1) states that a transaction is exempt if it is "approved by the board of directors of
     the issuer, or a committee of the board of directors that is composed solely of two or more Non-
26   Employee Directors." 17 C.F.R. § 240.16b-3(d)(1).

27   [3] *Roth v. Reyes*, 2007 WL 2470122 at *6 (N.D. Cal. Aug. 27, 2007) ("*Roth II*") (holding it
     "implausible that unexplained *dicta* in the SEC's adopting releases would somehow implicitly
28   proscribe the granting of backdated stock options").

1    Options Grants at issue in this case were approved in advance by the Board or an authorized

2    committee of the Board" is unsupported by facts. (Compl. ¶ 14; Pl.s' Opp'n Br. at 6.) The

3    Complaint never offers facts demonstrating that (1) his backdating allegations are tied to specific

4    grants and Mr. Bendush, and (2) that the Board of Directors <u>actually</u> failed to approve the

5    challenged options. Therefore, as in *Roth*, "Plaintiff has failed to satisfy the heightened pleading

6    requirements applicable to his claim." *Roth I* at *8.

7 / 8            **C.**    <u>**Plaintiff Cannot Avoid The Rule 16b-3(d)(1) Exemption By Attempting To Place The Burden Of Substantiating His Allegations On Defendants**</u>

9        Whether Plaintiff's Complaint must stand on Plaintiff's allegations or not at all. Plaintiff

10    attempts to shirk his pleading burden on Defendants with the unexceptional mantra that any

11    missing facts are "within defendants' possession and unknown to plaintiff." (Pl's. Opp'n Br. at

12    2.) At the same time, Plaintiff makes the contradictory assertion that the Form 10-K in his

13    possession contains "sufficient factual allegations" to support his claims. (Pl's. Opp'n Br. at 2.)

14        Plaintiff's counsel argues that an exemption under Rule 16b-3(d) is an "affirmative

15    defense, which the defendants must plead and prove" and which he "is not obligated to refute."

16    (Pl's. Opp'n Br. at 10, n.5.) The *Roth* Court rejected this same argument as a characterization of

17    the law that is "anything but complete." *Roth II at* *6. Judge Breyer explained that the plaintiff

18    conceded the effectiveness of the affirmative defense, since his same counsel "spilled most of his

19    ink crafting allegations in an effort to render the SEC's exemptions inapplicable." *Id.*

20    Consequently, the *Roth* Court held that the plaintiff's complaint had a "built-in defense"

21    appearing on the face of his complaint and the defendant could "test the validity of the defense by

22    a motion to dismiss." *Id.*, *quoting* 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice</u>

23    <u>and Procedure</u> § 1276, at 623-24 (3d ed.2004).

24        Plaintiff does not have *carte blanche* to bring unsupported claims and use his Complaint

25    as a discovery tool; nor may Plaintiff shift the burden of substantiating his claims on Defendants.[4]

26    _____

27    [4] *See In re Stac Elec. Sec. Litig.,* 89 F.3d 1399, 1405 (9th Cir.1996) (holding Rule 9(b) serves "to

28    deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit

1
2

## IV.   PLAINTIFF'S OPPOSITION FAILS TO REFUTE THAT THE HOLDING EXEMPTION UNDER RULE 16B-3(D)(3) APPLIES

3   Plaintiff's Opposition correctly recognizes that an option grant to an insider "will be

4   exempt from Section 16(b) liability so long as at least six months elapses between the acquisition

5   and disposition of the shares acquired upon exercise of the derivative security." 17 C.F.R.

6   §§ 240.16b-3(d)(3); *see Olagues v. Semel*, 2007 WL 2188105 *3 (N.D. Cal. Jan. 18, 2007)

7   M. Jenkins. Since he cannot dispute that Mr. Bendush held the option grants in 2000 for more

8   than six months, Plaintiff claims the exemption under Rule 16b-3(d)(3) does not apply because

9   they were not board-approved "in accordance with the 'gate-keeping' criteria set forth in

10  Rule 16b-3(d)(1) or (2)." (Pl's. Opp'n Br. at 12.) Contrary to Plaintiff's assertion, the exemption

11  is "not dependent on board or committee approval." Stanley Keller, *Stock Option Pricing*

12  *Practices Occupy Center Stage*, 1574 Practising Law Institute, PLI Order No. 12104 (Sept.

13  2006). Not only did Judge Breyer reject Plaintiff's very argument in *Roth,* even this Court

14  essentially reached the same conclusion. *See Olagues, supra,* at *5 n.3 (because Rule 16b-3(d)(3)

15  exemption applied, court did <u>not</u> need to address whether Rule 16b-3(d)(1) exemption was

16  applicable); *see also Roth II* at *2 (no short-swing liability if grant meets <u>one of three</u> conditions

17  under Section 16b-3(d)). [5] Indeed, the plain language of the Rule states an exemption is available

18  under Rule 16b-3(d)(1) "<u>or</u>" Rule 16b-3(d)(3). (17 C.F.R. §§ 240.16b-(3)(1)-(3).) Once again,

19  Plaintiff's theory should be rejected for the same straightforward reasons.

20

## V.   THE OPPOSITION DOES NOT REFUTE THAT PLAINTIFF'S CLAIM IS TIME-BARRED AND EQUITABLE TOLLING IS INAPPLICABLE

21
22

### A.   Plaintiff Cannot Plead Around The Statute Of Limitations By Incorporating A "Proper Disclosure" Condition That Is Unrecognized By Law

23  Having filed his action more than <u>six years</u> after the challenged grants, Plaintiff argues

24  that the two-year statute of limitations is tolled due to "defendants' failure to make *proper* filings

25  plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and
    economic costs absent some factual basis.").

26

27  [5] The SEC is "persuaded that satisfaction of <u>any</u> of the three conditions is a sufficient basis to exempt an acquisition of issuer equity securities from the issuer." *Ownership Reports and*

28  *Trading by Officers, Directors and Principal Security Holders,* 61 F.R. 30376, 30380 (final rule release June 14, 1996) (emphasis added).

McKenna Long & Aldridge LLP
Attorneys At Law
San Diego

- 5 -                        C 07-2917 MJJ

1    with the SEC" that would have "put anyone on notice of a § 16(b) disgorgement claim."  (Pl's.

2    Opp'n Br. at 14)  (emphasis added).  Yet, the Section 16(a) forms at issue fulfill the necessary

3    disclosure requirements.[6]

4         To support his theory, Plaintiff primarily relies on a pair of decisions from the Second and

5    Ninth Circuits.  However, in each case the courts held that the statute of limitations on the

6    Section 16(b) claim was equitably tolled because the defendants failed to file timely disclosures

7    altogether.[7]  Under Plaintiff's recasting of the law, the two-year limitations period would be

8    quickly rendered meaningless by any blanket allegation that a defendant's forms do not contain

9    "proper disclosures."  Not surprisingly, Plaintiff offers no authority for tolling where disclosure

10   allegedly was made, but was not "proper."  Plaintiff's overreaching theory should be rejected.[8]

11        **B.    Plaintiff's Tolling Theory Fails As Tolling Is Not Permitted When
               Section 16(a) Reports Were Filed**

12

13        Plaintiff asserts that because he was not "on notice" that a "§ 16(b) disgorgement claim

14   existed," there is "no basis to start the running of the limitations period."  (Pl's. Opp'n Br. At 14.)

15   The Ninth Circuit has already rejected this "notice" theory.

16        In *Whittaker v. Whittaker Corp.*, 639 F.2d 516, 528 (9th Cir. 1981), the Ninth Circuit

17   considered three theories of how the two-year limitations period should be construed:  (1) a

18   "strict" theory of interpretation, where the period runs from the time the profits were realized and

19   tolling does not apply; (2) the "notice" theory, where the period is tolled "until the Corporation

20   had sufficient information to put it on notice of its potential § 16(b) claim;" and (3) the

21

22   [6] Section 16(a) requires only a basic disclosure that "indicate[s] ownership by the filing person at
     the date of filing, any such changes in such ownership, and such purchases and sales of the

23   security-based swap agreements as have occurred since the most recent such filing under such
     subparagraph."  15 U.S.C. § 78p(a)(3)(B).

24   [7] *See Whittaker v. Whittaker Corp.*, 639 F.2d 516, 528 (9th Cir. 1981) ("[T]olling of the two year

25   time period is required when the pertinent Section 16(a) reports are *not filed*.") (emphasis added);
     *Litzler v. CC Investments, Ltd.*, 362 F.3d 203, 208 (2d Cir. 2004) ("[T]olling is triggered by

26   noncompliance with the disclosure requirements of Section 16(a) through *failure to file* a Form
     4.") (emphasis added).

27   [8] *See Conerly v. Westinghouse Electric Corp.,* 623 F.2d 117, 119 (9th Cir. 1980) (where the

28   limitations period appears on the face of a complaint to have run, motions to dismiss should be
     granted if the plaintiff cannot prove statute is tolled under the allegations made).

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

- 6 -                                    C 07-2917 MJJ

1   "disclosure" theory, where the time period is "tolled until the insider discloses the transactions at

2   issue in his mandatory § 16(a) reports." *Whittaker,* 639 F.2d at 527.  The Ninth Circuit rejected

3   the "notice" interpretation, finding that "the disclosure interpretation is the correct construction of

4   § 16" and that tolling is "required when the pertinent Section 16(a) reports are <u>not</u> filed."

5   *Whittaker,* 639 F.2d at 527, 528 (emphasis added).  Since Plaintiff does not, and cannot, allege

6   that Mr. Bendush did not actually file the requisite disclosures, Plaintiff's claim is time-barred

7   and cannot be saved under a notice tolling theory.

8       C.    **Even If Plaintiff's Tolling Theory Was A Viable Option, Plaintiff's Claim
9             Fails For Not Pleading Particularized Facts**

10      Even setting aside the viability of Plaintiff's tolling theory, the Complaint does not state

11   facts sufficient to justify tolling the statute of limitations.  Plaintiff cannot identify any

12   particularized factual allegations demonstrating that Mr. Bendush's designation of the three

13   challenged transactions as exempt was actually fraudulent.  In other words, Plaintiff's tolling

14   argument fails because its underlying premise – that Rule 16b-3(d) exemptions do not apply – is

15   not supported by particularized factual allegations.  Accordingly, Plaintiff's claims against

16   Mr. Bendush are time-barred.

17  **VI.   CONCLUSION**

18      For the reasons set forth herein and in Mr. Bendush's opening brief, Mr. Bendush asks

19   this Court to grant his Motion to Dismiss and dismiss Plaintiff's claim against him.

20

21   Dated:  November 9, 2007                    McKENNA LONG & ALDRIDGE LLP

22
                                          By:/s/Timothy A. Horton
23                                            Christian D. Humphreys
                                              Timothy A. Horton
24                                            Amy H. Ljungdahl
                                              Attorneys for Defendant
25                                            WILLIAM E. BENDUSH

26   SD:22160863.4

27

28

McKenna Long &
Aldridge LLP                       - 7 -                        C 07-2917 MJJ
Attorneys At Law
San Diego

1   <u>Leon S. Segen, etc. v. David M. Rickey, et al.</u>
    Case No. C 07-2917 MJJ

2

3                          **CERTIFICATE OF SERVICE**

4          I hereby certify that a copy of the following document(s):

5      ▪   **REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR
           VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 BY
6          DEFENDANT WILLIAM E. BENDUSH**

7   were served upon all counsel of record via CM/ECF as indicated/listed on the United States
    District Court, Northern District of California's CM/ECF registered email list in the above-
8   referenced matter (as set forth below):

9   *Attorneys for Plaintiff Leon S. Segen*          *Robert C. Schubert, Esq.*
                                                      *Willem F. Jonckheer, Esq.*
10                                                    *Schubert & Reed LLP*
                                                      *Three Embarcadero Center, Suite 1650*
11                                                    *San Francisco, CA  94111*
                                                      *(415) 788-4220 / Fax (415) 788-0161*
12                                                    *rschubert@schubert-reed.com*
13                                                    *wjonckheer@schubert-reed.com*

14  *Attorneys for Plaintiff Leon S. Segen*          *Glenn F. Ostrager, Esq.*
                                                      *Ostrager Chong Flaherty & Broitmann*
15                                                    *570 Lexington Avenue*
16                                                    *New York, NY  10022*
                                                      *(212) 681-0600 / Fax (212) 681-0300*
17                                                    *gostrager@ocfblaw.com*

18  *Attorneys for Plaintiff Leon S. Segen*          *Paul D. Wexler, Esq.*
                                                      *Brager Wexler & Eagel*
19                                                    *885 Third Avenue*
20                                                    *New York, NY  10022*
                                                      *(212) 308-5858 / Fax (212) 486-0462*
21                                                    *Wexler@bragarwexler.com*

22  *Attorneys for Defendant David M. Rickey*        *James J. Brosnahan, Esq.*
                                                      *D. Anthony Rodriguez, Esq.*
23                                                    *Morrison & Foerster*
                                                      *425 Market Street*
24                                                    *San Francisco, CA  94105*
25                                                    *(415) 268-7000 / Fax (415) 268-7522*
                                                      *jbrosnahan@mofo.com*
26                                                    *drodriguez@mofo.com*

27  */ / /*

28  */ / /*

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

CERTIFICATE OF SERVICE                                    CASE NO. 5:06-CV-04269-RS

1    *Attorneys for Nominal Defendant*          Douglas J. Clark, Esq.
     *Applied Micro Circuits Corporation*        Daniel W. Turbow, Esq.
2                                                Wilson Sonsini Goodrich & Rosati
                                                 650 Page Mill Road
3                                                Palo Alto, CA 94304
                                                 (650) 493-9300 / Fax (650) 565-5100
4                                                dturbow@wsgr.com

5

6           Executed this 9th day of November, 2007, at San Diego, California.

7

8                                                        Jamie L. Hornsby
                                                 _____
                                                 Jamie L. Hornsby
9

10   SD:22161182.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MCKENNA LONG &
 ALDRIDGE LLP                                    - 2 -
ATTORNEYS AT LAW
 SAN DIEGO        CERTIFICATE OF SERVICE                    CASE NO. 5:06-CV-04269-RS